No. 69.—WILLIAM JOHNSON, adm'r of Allen Weir, dec'd, plaintiff in error, vs. LEONARD WORTHY, defendant in error.

[1.] The widow of W. being one of the distributees of his estate, and entitled to a provision for herself and family, for one year, out of the same, is not a competent witness in a case where the administrator is seeking to recover property for the estate. If the estate be insolvent, and she has thus no interest as a distributee; yet, to the other provision she is entitled; and hence, she is interested to increase a fund out of which she may have distribution.

[2.] A parol rescission or mutual release of a contract in writing and under seal, for the sale of lands, may be admitted as sufficient evidence of such release, if the rescinding contract has been executed.

[3.] Immaterial and irrelevant testimony should be rejected by the Court.

[4.] An amendment to a bill which is not material, may be refused by the Chancellor.

[5.] Where the charge requested is not authorized by the pleadings and the proof, the same may be properly refused.

In Equity, in Pike Superior Court. Tried before Judge STARKE, October Term, 1854.

William Johnson, as the administrator of Allen Weir, deceased, filed a bill against Leonard Worthy, alleging that Worthy had sold certain lands to Weir and given him a bond for titles thereto; that after Weir's death, to defraud his creditors, Worthy obtained possession of the bond and destroyed it, and sold the lands for a largely increased price to some one else; that Weir's estate was insolvent. The prayer was for a

decree for conveyance, and an account for rents, issues and profits. On the trial, complainant offered in evidence the depositions of Mrs. Weir, the widow, which were rejected by the Court, on the ground of her interest in the estate. This decision was excepted to by complainants.

Defendant's Counsel offered in evidence the depositions of Burrell Orr, who swore that Weir told him, previous to his death, that he had rescinded the trade with Worthy for the land, and that he had the use of it for one year for his improvements. Complainant's Solicitors objected to this testimony, on the ground that a contract under seal could not be rescinded by parol. The Court admitted it in evidence, and this decision was excepted to.

Complainant then offered to prove by Thomas C. Trice, that the land was worth $2.000, ($1.000 more than the purchase money) at the time the trade was rescinded, which evidence was rejected by the Court and complainant excepted.

Complainant then amended his bill, and alleged, that shortly after the death of Weir he proposed to pay Worthy the purchase money and take the land for the estate, which Worthy refused to do. The Court refused to compel the defendant to answer this amendment—and this decision was excepted to by complainant.

Complainant requested the Court to charge—" That if Worthy bought this land for Weir and took the deed himself, and gave Weir a bond for titles, in order to secure himself in the purchase—that in Equity, this was a mortgage." The Court refused so to charge, and complainant excepted.

Complainant requested the Court further to charge, " That any contract made between Worthy and Weir, in relation to the land, to be binding, must be in writing, as well to rescind the contract as otherwise." The Court declined so to charge, but charged, that if the Jury believed that the rescinding contract had been executed according to the terms proven, it was not necessary it should be in writing.

This refusal to charge is also excepted to.

Upon these exceptions error is assigned.

H. & G. J. Green; Martin, for plaintiff in error.

Borders & Harris, for defendant in error.

*By the Court.*—Starnes, J. delivering the opinion.

[1.] The testimony of Mrs. Weir was rejected properly, upon the ground, (if no other) that she was interested to increase the fund out of which she was entitled to a year's support.   In the first place, she was a distributee; and thus, interested.   If the estate was insolvent, even though the property was not sufficient to constitute a decent and comfortable provision for herself and family; still, she and her family were entitled to a year's maintenance out of it.   *Hopkins vs. Long*, (9 *Ga.* 262.)   So that it will be seen, she was directly interested in the result.

[2.] The sale which had been made by the defendant in error, to the intestate of plaintiff in error (Allen Weir) of certain land, and on account of which he gave his bond for titles to Weir, upon payment of the purchase money, was rescinded by verbal agreement between the parties.   In view of this, the Court was requested to charge, "That any contract between Worthy and Weir, in relation to the rescission or re-conveyance of said land, must have been in writing to bind the parties, as well as to rescind the said conveyance."   This was refused.

It is a well settled rule, that a parol rescission or mutual release of a contract in writing and under seal, for the sale of lands, may be admitted as sufficient evidence of such release, if the rescinding contract has been executed.   (1 *Greenlf. Ev.* 302.   1 *Phil. Ev.* 565.   *Dearbon vs. Cross & Thrasher*, 7 *Cow.* 48.)

Whether or not such agreement to rescind the contract in this case had been executed, was properly submitted to the Jury by the Court.

For the purpose of proving the rescission of the written contract in this case, by parol agreement between the parties thereto, the testimony of Burrell Orr, to which objection has been

made by the plaintiff in error, was, for the reason just given, properly admitted by the Court.

[3.] Thomas C. Trice was introduced by the plaintiff in error, for the purpose of showing that the land was worth $2000 or more at the time the contract was rescinded; and his testimony to this effect was rejected by the Court.

There was no allegation by the creditors of Weir, of any fraud on the part of the defendant in error in the final sale of this land; though it is charged in the bill to have been worth more than this sum. But it is difficult to conceive a reason why Worthy should not have sold the land for as much as he could get; and no such reason is suggested. If, then, there was no fraud by him in the sale of the land, and the same were fairly made, there would be no justice in allowing the creditors (if entitled to recover any thing from him by setting aside the rescission of the contract) to recover more than that sum for which, in good faith, he had sold the land. And this seems the more equitable, when it is considered that there is no sufficient or distinct allegation of fraud in the transaction between Weir and Worthy, or committed by Worthy in the rescission.

This testimony of Trice was accordingly not proper or material.

[4.] After the rejection of Trice's testimony, the plaintiff in error moved to amend his bill by adding the statement, that the complainant "proposed to the defendant to pay him the full amount he had paid, with interest, and take the land and administer upon it."

Viewing the circumstances of this case as we do, we are of the opinion that the defendant was under no obligation to accept this proposition. But the conclusive criticism is, that there was no *mutuality* in the arrangement proposed. The plaintiff in error had not administered, but simply proposed to administer, if defendant would give up the land. He had, therefore, no right to contract in the premises, and if not, defendant could not have made any legal and binding agreement with him, and his right could not be affected by a refusal to ac-

cept his proposition.    The amendment was, therefore, wholly immaterial.

[5.] The Court below refused to charge that the complainant was entitled to the relief he sought, because the transaction between Weir and Worthy in the sale of the land and the execution of bond for titles, was in the nature of an equitable mortgage.

In our opinion, taking into consideration the case *as made by this bill*, and the facts which were in evidence, this charge was was not authorized.    But the Court gave them a charge quite as much, if not more to their interest.    This charge was asked with reference to  the right of creditors, as  presented by  the allegations of  the bill, to  have the value of  this land at the time of the rescission (deducting purchase money and expenses) paid to them.    And on this head, the Court instructed the Jury, that  "parties had not a  right to  make any  contract or agreements to hinder and delay or defraud creditors, either for the benefit of the defendant's family or otherwise."    And further, that  "if they believed the acts of Allen Weir and the defendant worked an injury to the creditors, it was not necessary to believe it was done with design, in order for the creditors to have relief."    This was going very far, indeed, under the facts of this case, and was quite as much in favor of the complainant as he ought to have desired.

The Court further charged, that  "if  the rescission of  the contract and its  execution have not been  satisfactorily established, you will decree for the complainant the surplus in the defendant's hands, arising from the re-sale of the land to Freeman, after re-imbursing him  for all he  paid to  Roberts, with interest."

Looking to  the allegations of this bill, and taking  into consideration the proof, if there had been no rescission of the contract, unless the  defendant acted fraudulently  in disposing of the land to Freeman, he should not have  been held liable for more than the amount which the Court here authorizes the Jury to find, whether the transaction was regarded as an equitable mortgage or not.    So that the rights of complainant

could not have been legally any more favored by the charge as requested, than as given.

Judgment affirmed.