Johɴ T. Howard, plaintiff in error, vs. Davis E. Gresham, claimant, defendant in error.

[1.] A mortgage lien on land may be released in whole or in part, by parol, upon the payment to the mortgagee of the price of the property.
Ordinarily a judgment of foreclosure, bars only the rights of the mortgagor, his heirs and legal representatives.
[2.] Payment may be pleaded to a suit at the instance of the assignee, upon a note transferred after due and secured by mortgage.

Claim, from Early county. Tried before Judge Kɪᴅᴅoo, at September Term, 1858.

On the 12th December, 1851, James B. Brown, executed a mortgage of certain lands to E. B. Lightfoot, to secure the payment of certain notes. The notes bore even date with the mortgage. In February or March, 1854, Lightfoot assigned the notes and mortgage to John T. Howard, for valuable consideration. Howard proceeded to foreclose the mortgage, and upon obtaining judgment, issued a *fi. fa.*, under which the land mortgaged was levied upon, and advertised to be sold. Thereupon, Davis E. Gresham interposed a claim to a part of said land.

Upon the trial of this claim, plaintiff in *fi. fa.* proved that the land levied on, was the same as that embraced in the mortgage, and upon which Brown went into possession under Lightfoot, about the last of the year 1851, and cultivated the same about two years, and that claimant went into possession under purchase from Lightfoot. That Lightfoot was in possession from 1845, until his sale to Brown.

Claimant proved by Ann E. Poole, examined by commission, that in 1854, she heard Lightfoot tell Gresham, the claimant, that when he, Lightfoot got the money that witness's father had given him an order for, he would release the land from the mortgage.

Claimant then introduced and read in evidence the following letter:

CUTHBERT, January 5th, 1854.

*Col. Strafford:*—Please see Brown and Mulligan and get all the money you can send by the little boy, I am in a great *tite* for money. Say to Gresham that I collected the Bass note. I have killed his note and given Brown credit for the balance. The balance after paying the Gresham note, was $134 25. I send the note which you will please hand to Gresham, and let him have Brown give him credit for the above amount. We are all well, &c.

(Signed,)                     E. B. LIGHTFOOT.

John T. Howard, plaintiff in *fi. fa.*, testified, being called by claimant, that he sold his interest in the livery stable in Cuthbert to Lightfoot, receiving the notes and mortgage in payment. He took the notes and mortgage in good faith, and without any knowledge that there was any payment or release of any part of the property.

Plaintiff's counsel proposed to ask him, being a witness, if he did not have a conversation with Brown, and whether Brown said there was any release or claimed any. Claimant objected to the question. The Court sustained the objection, and plaintiff's counsel excepted.

1st. The Court charged the jury, that if Lightfoot, while he held the mortgage, made a verbal promise to release the premises upon the payment of a certain sum of money, and the claimant paid the amount, then the land was exempt and discharged from the mortgage lien as against Lightfoot.

2d. That if Howard obtained the notes and mortgage after the notes became due, then all the equities existing between claimant and Lightfoot, attached and existed against him; and that the agreement to release the land upon the payment of the money, if complied with by claimant, would discharge the lands from the mortgage and notes in the hands of Howard, and the jury must find for claimant. To which charge plaintiff excepted.

The jury found for the claimant, and plaintiff moved for a new trial upon the following grounds:

1st. Because the jury found contrary to law.

2d. Because the jury found contrary to evidence.

3d. Because the Court erred in its charge to the jury.

4th. Because the Court erred in admitting evidence against the objection of counsel, of a verbal release of the premises by Lightfoot.

The Court overruled the motion for new trial, and plaintiff excepted.

Hood & Robinson, for plaintiffs in error.

Law & Sims, contra.

By the Court.—Lumpkin J. delivering the opinion.

The record in this case is so defective, that a satisfactory judgment can hardly be rendered upon it. We have no copy of the mortgage or of the note, upon which it is founded. We cannot tell whether Gresham's deed was recorded before the transfer was made to Howard, nor whether Gresham was in possession of the land at that time. Indeed, neither

the bill of exceptions, nor the transcript of the record, shows whether the mortgage note, together with the security, were transferred to Howard by Lightfoot before or after the sale by Brown to Gresham. · It is assumed in the charge of the Court, and that charge is not complained of, that the transfer was subsequent to Gresham's purchase, and the case is argued on both sides, upon that hypothesis.

The first question made is, whether the land bought by Gresham, and which was included in the mortgage, could be released by parol from the lien of the mortgage ?   *In Johnson against Worthey*, (17 *Ga. Rep.*, 420,) this Court held, that a parol rescission of a contract in writing and under seal for the sale of land, may be admitted as sufficient evidence of such release, if the rescinding contract has been executed. And so the Court ruled here, viz: that if Gresham had paid to Lightfoot the money for that portion of the mortgaged land bought by Gresham of Brown, that then the parol release by Lightfoot, the mortgagee, was good.

We think this proof was admissible in another aspect of it. And that is, that it was a satisfaction *pro tanto*, of the mortgage debt.   Suppose the whole debt had been paid, would not the mortgage lien have been *ipso facto* discharged ?   No release would have been necessary.   Well, if the value of this piece of land, contained in the mortgage, was paid by Gresham to Lightfoot, and accepted by him, was it not a satisfaction of the mortgage, *pro tanto* ?   And would not a Court of Equity protect that part of the land from the mortgage ?

It is argued, that in as much as Gresham bought of Brown, and the mortgage has been foreclosed as to Brown, Gresham is estopped, because a privy in estate with Brown.   We suppose that the mortgage was only foreclosed for the balance due, after crediting the payment made by Gresham to Lightfoot.   But be that as it may, this Court decided in *Jackson against Stanford*, (19 *Ga. Rep* 14,) and in several other cases, before and since, that the judgment of foreclosure does not

Howard vs. Gresham.

bar the rights of any person except the mortgagor, his heirs and legal representatives. And that one who had acquired a title or claim to the mortgaged property, might assert his rights whenever disturbed by the mortgage execution.

But the main point in this case is this. If Lightfoot, the mortgagee, while he owned the notes and mortgage, given to secure them, agreed to accept from Gresham the payment of a certain sum of money, and release the lien on Gresham's land, and after that, and after the notes were due, transferred the notes and mortgage to Howard, can Gresham set up this equity against Howard? Why may he not? Why, because a note is secured by mortgage, is it to be taken out of the operation of the rule regulating other paper? But for the mortgage, there can be no doubt this equity would come in. Why should the fact of the mortgage exclude it? Shall it be replied, that a note secured by mortgage, is not expected to be paid at maturity; and that the failure to pay such a note punctually, attaches no dishonor to it? We do not concede the distinction. Mercantile paper, even bank debts, are sometimes secured by mortgage.

But grant that this were so, had Brown satisfied this debt *in toto*, would he not be entitled to make this defence against Howard, the assignee? It is not disputed, but that he could. Why should not Gresham, who purchased a part of the mortgage land, settled with Lightfoot for it, be entitled to the same right? Is not Gresham upon as good a footing, if not better, than Brown? We think so.

Judgment affirmed.