Wehmhoff, &c. v. Rutherford.

---

CASE 18—PETITION ORDINARY—OCTOBER 9.

# Wehmhoff, &c. v. Rutherford.

| 98 | 91 |
| f134 | 646 |
| f135 | 531 |

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION,

1. RECOVERY OF MONEY LOST AT GAMING.—One who has lost money at gaming can not recover the amount lost both of the winner and of the person who invited or induced him to go to the place where the gaming was carried on. The statute was not intended to give him the right to recover double the amount of his loss.

2. SAME—JOINDER OF ACTIONS.—The two causes of action, the one given by section 2 of article 1, chapter 47, General Statutes, and the other given by section 9 of the same article, are separate and distinct; and as the plaintiff in this case seeks by one paragraph of his petition to recover upon the ground that defendants induced him to go to the place where the game was carried on, at which he lost the amount sued for, and by the other to recover the same money upon the ground that defendants were the winners, he should have been required to elect which cause of action he would prosecute. It is not a case where the plaintiff seeks to recover money lost at one time upon the one ground and money lost at a different time upon the other ground, which might be done in a single action, but where he seeks to recover the same money upon the two different grounds, which can not be done.

3. SAME—ELECTION.—Where a petition shows that several paragraphs relate to the same cause of action the plaintiff should be

required to elect which one of the paragraphs he will prosecute and the·others should be stricken out unless the plaintiff shall allege that the facts as stated in the one or the other of the paragraphs is true, but he does not know which of them is true.

4. CHAMPERTY.—In an action other than one relating to real estate the fact that the plaintiff has a contract with'his attorney whereby the attorney is to receive a part of the thing recovered constitutes no defense to the action, the action not being brought in the name of the attorney. The fact that the champertous contract between the plaintiff and his attorney is void. does not affect the plaintiff's right to recover against his debtor. ·

KOHN, BAIRD & SPINDLE FOR APPELLANT.

1. Each paragraph of a petition must within itself and without reference to any other paragraph or to extraneous sources state a cause of action. (Green v. Page, 80 Ky., 368.)

2. By the second and third paragraphs of his petition plaintiff sought to recover portions of the same money which he sought to recover by the first paragraph, the second and third paragraphs being neither more nor less than a splitting of the same cause of action, which was set forth in the first paragraph. This is not allowable under section 113 of the Code, and, therefore, plaintiff should have been required to elect. (Turnpike Co. v. Maupin, 79 Ky., 101.)

A single cause of action can be declared upon in only one count. (Maxwell on Code Pleading, 108.)

3. There is no proof supporting the cause of action stated in the petition, and the judgment of the court should have been for appellant dismissing the petition. (Triplett v. Seelbach, 91 Ky., 31.)

4. The record shows that appellee's cause of action is tainted to the core with champerty, and, therefore, the petition should have been dismissed. (Roberts v. Yancey, 15 Ky. L. R., 11; s. c., 94 Ky., 243; Ky. Stats., sec. 209.)

The court should take notice of the champerty, although it is not pleaded. (Hill v. Cornwall, 95 Ky., 512.)

C. B. SEYMOUR AND A. C. RUCKER FOR APPELLEE IN PETITION FOR REHEARING.

(Brief not in record.)

Where the plaintiff has two separate and distinct causes of action, although entitled to a single satisfaction, both *may* be stated in the same petition, but *should* be stated in different counts, and the court can not compel the plaintiff to elect upon which count

he will proceed.  (Civil Code, sec. 113; Gregg v. Woods, 3 Ky. L. R., 526; McClintock v. Emick, 87 Ky., 161; Triplett v. Seelbach, 91 Ky., 30; Superior Court opinion in same case, 11 Ky. L. R., 283; Bliss on Code Pleading, sec. 120; Birdseye v. Smith, 32 Barb., 217; Brinkman v. Hunter, 73 Mo., 179.)

In the case at bar appellee has a cause of action for $370 against appellants as "inviters," and another cause of action against them as "winners" of the same $370, but he seeks only *one* recovery.  The causes of action are not inconsistent, and, therefore, no need of alternative allegation exists.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

By section 2, article 1, chapter 47, General Statutes [Ky. Stats., section 1956], if any person shall lose to another, at one time.or within twenty-four hours, five dollars or more, or property or other thing of that value, such loser or any creditor of his may recover the same or the value·thereof from the winner.

Under section 9, article 1, chapter 47, General Statutes, [Ky. Stats., section 1969], whoever shall invite, persuade or otherwise induce another to visit any place where gaming is carried on, shall be responsible to such other or his creditors for whatever he may lose in gaming at such place.

Under section 2, the right to recover is secured to the loser or his creditor against the winner.   It is a distinct cause of action provided by the statute.   It matters not whether the money or property is won at a gambling house or elsewhere.   That the winner may be made liable it is not necessary that he should keep a place where gaming is carried on.

Section 9 provides a cause of action to the loser or his creditors against *"whoever shall invite, persuade or otherwise induce"* such one to visit the place where gaming is carried on.   So if a person is invited, persuaded or otherwise induced by another to visit such place, and the person induced

loses in a game while there, he or his creditor can maintain an action against such other one and recover the amount so lost. It is manifest that distinct causes of actions exist under the sections named. In the one case the recovery is against the *winner* and in the other against the *one who induced* him to visit the place where the gaming was carried on. It could not be insisted that under the statutes named the loser could sue and recover the amount of his loss both from the party who won the money and the party who induced him to visit the place where he engaged in the game. In other words, he could not recover double the amount which he had lost. The statement but emphasizes the fact that the sections of the statute in question provide for a recovery on different states of fact—distinct causes of action.

The plaintiff, M. Rutherford, instituted this action against Wehmhoff & Boardman, alleging, substantially, in the first paragraph of the petition that defendants were the proprietors of a place on Market street in the city of Louisville where gaming was carried on; that the defendants induced him to visit their place, and while there, in March, 1893, "he played at and in said games of cards for money and wagered money and lost $370 in gaming at said place as is more *particularly set forth in the subsequent paragraphs of this petition.*"

In the second paragraph of the petition it is alleged that in the gaming establishment named, on or about March 14, 1893, he lost to the defendants, $240. In the third paragraph of the petition, he alleges that in the gaming house mentioned, on or about the 21st of March, 1893, he lost to the defendants, $130. He prays to recover $370.

The petition shows that the total loss at the games was

$370; that he lost $240 of this sum at one time and $130 at another time.

If the allegations of the first paragraph of the petition were true, the right to recover $370 was shown, but he says he will more particularly set forth the matter in subsequent paragraphs of the petition, in which, as we have shown, he states the sums which he lost and that he *lost them to the defendants*.

The facts, if true, as alleged, show that the plaintiff had the right to proceed against the defendants for having induced him to visit the place where gaming was carried on, or against them as winners of his money.     He could not proceed against them for both on the facts as they appear in the petition.     Had the defendants induced him to visit a place at one time where gaming was carried on and while there lost money, and at another time he had engaged in a game with them and had lost money *to them*, then by suitable paragraphs he could have maintained his action on both the cause of action, as provided under section 2, and on the cause of action given in section 9 of the statute.

On the same state of facts as they appear in this case, plaintiff seeks to recover of the defendants, $370, because the defendants induced him to visit their gambling house, and then seeks to recover the same sum by dividing it in amounts $240 and $130, by claiming they were the winners of the money.     This he had no right to do, as the defendants were entitled to know with certainty the cause of action they had to defend.

In Muldraugh's Hill, Campbellsville & Columbia Turnpike Co. v. Maupin, 79 Ky. 101, the petition showed that the two paragraphs related to the same occurrence and injury. The only difference between them was that the facts were set out more in detail in the second than in the first para-

graph, and the court in that case said: "Where the petition
shows that several paragraphs relate to the same cause of
action, the plaintiff should be required to elect to prosecute
one of the paragraphs, and the others should be stricken
out, unless the plaintiff shall allege that the fact, as stated
in one or the other of the paragraphs, is true, but he does
not know which of them is true." (Sub-section 4, section
113, Civil Code.)

It is difficult to see how causes of action could be stated in
the alternative under the statutes in question.

It appears from the proof in the record that the plaintiff
had a contract with his attorney that he was to give him
one-half of what he might recover in this case, and it is in-
sisted that this contract is void. This is true, but the ques-
tion which arises is, is such contract available as a defense
to the action? The action is brought not by the attorney
but by the creditor.

Under section 2, chapter 11, General Statutes (section 209,
Kentucky Statutes), all contracts made in consideration of
services to be rendered in the prosecution or in aid of the
prosecution in or out of court, of any suit, whereby the thing
sued for or in controversy is to be received by such person
for his services or assistance, shall be null and void.

Section 8, same chapter General Statutes (section 216
Kentucky Statutes), provides that "neither party to any con-
tract made in violation of the provisions of this chapter
shall have any right of action or suit *thereon*."

This does not mean that when a party has a cause of ac-
tion existing at the time he makes the champertous contract
he shall forfeit his right to recover thereon, but that
neither he nor the champertor shall have any right of action
or suit on the contract made in violation of the statute for
the prosecution of the cause of action *then existing*.

In other words the statute does not cause the creditor who enters into a champertous contract to forfeit to his debtor the debt which was the subject of the champertous agreement. The statute does not declare the cause of ac-- tion which was the subject of the champertous agreement null and void, but declares the champertous agreement null and void.

A champertous contract (other than one relating to real estate), for the prosecution of a cause of action is no defense, and the champerty can only be set up by a party thereto, when the champertous agreement is sought to be enforced. (Burnes v. Scott, 117 U. S., 588; Robinson v. Beall, 26 Ga., 27; Small v. The C., R. I. & P. R. Co., 55 Iowa, 582; Pennsylvania Co. v. Lombardo, 14 L. R. A., 785, 49 O. St., 1.)

However, should a creditor transfer his cause of action to an attorney or other person under an agreement that the suit should be prosecuted in the name of the attorney or such other person, and for thus prosecuting the suit the attorney or such person was to have a part thereof for such services, then it would be available as a defense because it would be an action the direct effect of which would be the enforce- ment of the champertous agreement.

So far as we are aware the rule as we have stated it to be is recognized to be the correct one by nearly all the States of the Union.

Tennessee had a statute making it the duty of the court to dismiss the suit when the fact of the champertous contract was satisfactorily disclosed, and under that statute the courts of that State held that it was a defense.

The courts of Wisconsin seem to have followed the rule of the Tennessee courts without having a similar statute.

In this State there is a statute particularly applicable to contracts for the sale of, or for the prosecution of suits for

the recovery of, land in the possession of another for the whole or part of the land thus possessed, or for the whole or any part of the profits thereof.

Such contracts are null and void. The person in the adverse possession of such land, his personal representatives, heirs or assigns, or the person under whom such occupant claims or holds, his personal representatives, heirs or assigns, may give in evidence under the general issue or may plead the sale or purchase of any pretended right or title in violation of such contracts, in bar of any suit or action against them to recover the possession of or title to the land so held.

This court has repeatedly held that such champertous contracts with reference to land were available as a defense to an action by the vendee, or to an action by the vendor for his benefit, to recover the land, but the court has often held that the vendor could repudiate the contract in good faith and the right of action survived to him. These decisions were in view of the particular statute relating to contracts of sale, etc., of lands in the adverse possession of another.

The case is reversed with direction that further proceedings be had in conformity to this opinion.