CASE 64.—ACTION  BY  FRANK  WATERS  AND  OTHERS
       AGAINST  J. H.  KEENEY  AND  OTHERS.—December
       2, 1909.

# Keeney, &c. v. Waters, &c.

Appeal from Wayne Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for plaintiffs, defendants appeal.—Affirmed.

1.   Appeal and Error—Harmless Error—Amendment of Pleading.
—Where a party gets the full benefit of a defense attempted to
be pleaded by him, he can not complain, on appeal, that the
answer pleading the defense was not permitted to be filed.

2   Frauds, Statute of—Parol Recission—Contracts Required to
be in writing.—Though a contract is required by statue to be
in writing, it may be rescinded by parol.

3.   Contracts—Parol Rescission—Clearness of Evidence.—Where
two witnesses testified to the parol rescission of a contract,
neither of them being impeached, and where it was shown
that a suit between the parties on the contract had been per-
permitted to remain upon the docket without action ever
being taken thereon by either party, the evidence of the oral
rescission was sufficiently clear to authorize its admission in
evidence by the trial court, and to warrant an instruction as
to its effect if found to have been agreed on.

4.   Champerty  and  Maintenance—Champertous  Agreements.—
Though a champertous agreement to sell land is void under
the statutes, the cause of action which is the subject of the
Champertous agreement is not destroyed thereby.

·COOK & JONES for appellants.

HARRISON & HARRISON of counsel.

We submit that there is no merit in this case for the appellees,
who are simply the tools of the Stearns Lumber Co. and W. A.

Kinnie, its agent, and this suit is the outgrowth of a champertous agreement between Kinnie, as the agent of said company, and the appellees, a contract that is condemned by our statutes and by the common law as well.

O. H. WADDLE & SON, attorneys for appellees.

JOS. BERTRAM, J. N. SHARP of counsel.

### POINTS AND AUTHORITINES CITED.

1. A mere usurper of land without color of title can only acquire title by adverse possession by actual enclosure continuously for the time required by statute. The actual possession of adjoining land can have no effect to entitle a person to the benefits of the constructive possession, and to secure title by naked adverse possession it must be shown that such adverse possession was so intended, and can only extend to the boundary intended to be occupied and claimed, and an accidental extension outside of such boundary does not enlarge the right beyond the boundary intended to be possessed. 1 Am. & Eng. Enc., 229 & 292; 2 Wood on Limitation, Sec. 267; Griffith v. Huston, 7 J. J. M., 385; Shackleford v. Smith, 5 Dana, 232; Brooks v. Clay, 3 A. K. M., 345; Haffendorfer v. Gault, 84 Ky., 124; Roy v. Barker, 1 B. Mon., 365; Croan v. Joyce, 3 Bush, 456; Smith v. Morrow, 5 Littell, 211.

2. While there may be a champertous agreement to divide the proceeds of litigation which can not be enforced, it does not render the existing cause of action void, for the statute to prevent champerty does not mean that when a party has a cause of action existing at the time he makes the champertous contract he shall forfeit his right to recover thereon, but that neither he nor the champetor shall have any right of action on such contract made in violation of the statute. Cumberland Tel. & Tel. Co. v. Maxberry, Mss., opinion filed october 1st, 1909.

3. Written contracts may be altered or discharged by subsequent parol agreement, even though the original contract is required, by the statute of frauds, to be in writing. Page on Contracts, Sec. 1346; 9 Cyc., 599; Cummings v. Arnold, 37 Am. Dec., 155; Gartland v. Connor, 22 Rep., 920; Hyden v. Perkins, 30th Rep., 583.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

The appellees, Frank Waters and others, instituted this action against J. H. Keeney and others to recover

a tract of land in Wayne county, Ky., consisting of 50 acres.   J. H. Keeney and others denied the title of appellees and pleaded title in themselves by adverse possession.   The jury returned a verdict in favor of appellees.   From the judgment based thereon, this appeal is prosecuted.

The 50-acre tract of land was patented by James Coffey on the 27th day of June, 1841.   Coffey, in his lifetime, sold this land to G. W. Troxell, but did not convey the same by deed or other writing.   On January 27, 1881, four out of the five heirs of James Coffey, who was then dead, together with his widow, made a deed to G. W. Troxell conveying the land in question.   The deed recited that it was made in consideration of $200 paid to James Coffey in his lifetime.   Before procuring this deed, G. W. Troxell, on October 3, 1880, sold by title bond to James H. Davis 300 acres of land in Wayne county, including the land in controversy.   On April 26, 1888, G. W. Troxell instituted an action against James H. Davis, wherein he sought to recover a balance of $50 due as part of the purchase money for the land sold to Davis.   To this action Davis filed an answer, in which he pleaded inability of Troxell to make title to a large part of the 300 acres mentioned in the bond.   This action was never tried.   The last order was made at the May term, 1889, of the Wayne circuit court.

In the year 1881 James H. Davis, who then held the title bond referred to, requested one John M. Foster, whom he had employed in removing the timber, to move upon the land and remain there until Davis told him to get off.   Foster first moved upon the 50-acre track in controversy.   He remained there for about two years.   He then built a house on an adjoining

tract. A small portion of his garden extended into the 50-acre tract. At the time Foster moved upon the land, Davis was indebted to him in the sum of $70. Foster claims that, as Davis failed to pay this amount, he then began to claim the lands as his own. In the year 1905 appellants purchased the land in controversy from Foster. On July 31, 1906, Sallie Smith, the only remaining heir of James Coffey, deceased, together with her husband, conveyed her one-fifth interest in the land in question to appellees, Frank and Lile Waters. After the issues were made up, appellants became aware of the institution and pendency of the action of G. W. Troxell against James H. Davis.

On January 28, 1909, they tendered an amended answer, in which they pleaded the outstanding title bond from G. W. Troxell to James H. Davis as a bar to a recovery by appellees. The court did not permit the amended answer to be filed. After the discovery of the record in the case of G. W. Troxell against James H. Davis, appellants went to the heirs of James H. Davis and purchased from them all their right, title, and interest in the 300 acres of land, including the land in controversy. Appellees are the only heirs of G. W. Troxell, deceased. They introduced evidence to the effect that the written contract of sale between G. W. Troxell and James H. Davis was rescinded.

Upon the trial of the case, the court instructed the jury to find for appellees the undivided one-fifth of the 50-acre tract of land in controversy under the title conveyed to them by the deed of Sallie and J. M. Smith. As to the remaining four-fifths of said tract of land, the court directed the jury to find for appel-

lants, unless they believed from the evidence that an agreement was entered into between G. W. Troxell and James H. Davis, whereby the title bond from Troxell to Davis, introduced in evidence, should be canceled and said tract of land remain the property of Troxell, in consideration of Troxell releasing Davis from the payment of the balance of the purchase money due him from Davis for the land and in settlement of the controversy between them as to the payment of said purchase money and of the title to the lands referred to in the title bond. If they so believed, they were told to find for appellees.

It is first insisted by appellants that the court erred in refusing to permit the amended answer to be filed. It is perfectly manifest, however, that appellants were not prejudiced by this action of the court. They were permitted to offer in evidence the title bond from Troxell to Davis and all the record of the action instituted by Troxell against Davis. Appellants not only received the benefit of this evidence, but the court told the jury, in effect, to find for the appellants unless they believed the contract of sale was rescinded. No instruction more favorable to appellants could have been asked by them. Where a party gets the benefit of a defense pleaded by him, he cannot complain that the answer pleading the defense was not permitted to be filed.

But it is insisted that the court erred in admitting evidence of the parol rescission of the written contract of sale between Troxell and Davis. While there is some conflict of authority upon the question whether or not a contract in writing, and which is required by the statute to be in writing, can be rescinded by

parol agreement, this question has been decided in the affirmative by this court and by many other courts of this country. Davis v. Benedict, 4 S. W. 339, 9 Ky. Law Rep. 200; Hall v. Wright, 122 S. W.—; Stearns v. Hall, 9 Cush. (Mass.) 31; Beach v. Covillard, 4 Cal. 315; Morrill v. Colehour, 82 Ill. 618; Howard v. Gresham, 27 Ga. 347; Long v. Hartwell, 34 N. J. Law, 116; Wulschner v. Ward, 115 Ind. 219, 17 N. E. 273.

It is also insisted by appellants that the evidence of the parol rescission in this case does not come up to the standard set in the case of Davis v. Benedict, supra, where it is held that the proof must be clear and convincing. Two witnesses testified upon this point. Neither one of them is impeached. Their evidence is to the effect that, after the institution of the suit by Troxell against Davis, they agreed to leave the matter to Joe Roberts and Isaac Foster to settle. They compromised the matter by permitting Troxel to take back the 50-acre tract and Davis to keep the timber which he had gotten from the land. Both Troxell and Davis agreed to this settlement. Furthermore, the very fact that the suit instituted by Troxell against Davis was permitted to remain upon the docket without action ever being taken by either party is a circumstance tending to support the testimony of the two witnesses. We therefore conclude that the evidence of the oral rescission and compromise was sufficiently clear and convincing to authorize its admission by the court and to justify the instruction complained of.

There was some evidence to the effect that W. A. Finnie, agent of the Stearns Lumber Co., desired to purchase the Davis lands. He secured from Frank Waters and wife, two of the appel[

lees, a contract empowering him, as their agent, to employ lawyers and institute suit for the purpose of establishing title to the land in controversy. By this contract Frank Waters and wife were to convey their interest in said lands to Kinnie in the event of a recovery. It also appears that Kinnie secured from Smith and wife a deed to their one-fifth interest in the lands in controversy. It is insisted by appellants that the above contract with Kinnie was champertous. However that may be, the law is well settled in this state that, by the terms of the statute, the champertous agreement to sell is rendered null and void—not the cause of action which is the subject of the champertous agreement. Cumberland Telephone & Telegraph Co. v. Maxberry, 121 S. W. 447; Wehmhoff v. Rutherford, 98 Ky. 91, 32 S. W. 288, 17 Ky. Law Rep. 659.

Upon the whole case, we are unable to find any error in the record prejudicial to the substantial rights of appellants, and the judgment is therefore affirmed.