## Warden v. Bennett.

(Decided November 14, 1911.)

## Appeal from Ohio Circuit Court.

Written Contract—Statute of Frauds, Parol Agreement.—A written contract within the statute of frauds may be rescinded by a subsequent parol agreement, and the chancellor's finding that such an agreement was made will not be reversed where the agreement is shown by two witnesses, corroborated by the conduct of both parties.

HEAVRIN & WOODWARD for appellant.

W. H. BARNES for appellee.

Opinion of the Court by Chief Justice Hobson—Affirming.

On September 11, 1899, James C. Bennett executed to C. T. Warden a writing by which he sold to him a strip of land 16½ feet wide on one side of his farm, and agreed to make Warden a deed for the land at some convenient

time. On August 8, 1910, Warden brought this suit against Bennett for the specific performance of the contract charging that Bennett had refused to make the deed. Bennett by his answer alleged that the contract between him and Warden had been rescinded by an agreement between them shortly after it was made. This, Warden by his reply, denied. Proof was taken and on final hearing the circuit court dismissed Warden's petition. He appeals.

A contract required by statute to be in writing may be rescinded by parol agreement. (Davis v. Benedict, 9 R., 200; Keeney v. Waters, 135 Ky. 525.) It is insisted, however, that the rule is that the proof for this purpose must be clear and convincing, and that the proof in this case is not sufficient under the rule. The rescission relied on is proven by the evidence of Bennett and his son who was present when the second agreement was made. Their testimony is contradicted by Warden. We give some weight to the finding of the chancellor, especially where the case turns simply on the credibility of the witnesses. The conduct of both the parties seems to us to sustain Bennett. The entire consideration for the land was paid within a few weeks after the writing was drawn. Bennett and Warden were near neighbors and saw each other frequently and yet no demand was made for a deed until just before this suit was brought. In the meantime Warden had enjoyed the fruits of the new contract which Bennett says was substituted for the old. In addition to the long delay of Warden in demanding a deed, his own conduct in failing to assert title to the property or exercise acts of ownership over it for so long a time strongly sustains the testimony of Bennett; and under all the proof we cannot say that the chancellor erred in his conclusion.

Judgment affirmed.