## Westchester Fire Insurance Company of New York v. Bowen.

### (Decided March 15, 1927.)

### Appeal from Montgomery Circuit Court.

1. Insurance.—Evidence held to show that fire which destroyed barn in which insured tobacco had been stored was result of design of owner of tobacco, who was therefore not entitled to recover from insurance company, notwithstanding that he was acquitted in prosecution for barn burning.
2. Judgment.—Acquittal under indictment for barn burning does not determine issue whether insured burned barn, in his action against insurance company on policy covering tobacco stored

therein, since proof beyond reasonable doubt is not required in latter action as it is in criminal prosecution.

F. M. DRAKE and CHARLES D. GRUBBS for apppellant.

W. B. WHITE and ROBERT H. WINN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This suit was brought to recover upon a fire insurance policy of $1,000.00 issued by appellant company to appellee, Bowen, on February 1, 1924, covering a crop of leaf tobacco then stored in a certain barn on a farm then in his possession in Montgomery county. The tobacco and barn were totally destroyed by fire on February 26th, and the company declined to pay on the policy. When sued it defended upon the grounds: (1) that there was no tobacco in the barn when it burned; (2) the assured burned the barn; (3) the tobacco was all removed by the assured just before the barn was burned, and then claim was made that the tobacco had been destroyed by the fire; (4) there was a mortgage on the tobacco, which was placed thereon after the policy was issued, and in violation of an express provision of the policy contract.

Issue was made upon each of the four questions above set out and proof taken to support each theory. This evidence is now in the record and we have carefully read and considered it. The suit was brought in equity for a reformation of the policy contract as well as for recovery thereon, and the learned chancellor, in whom we have great confidence, awarded appellee, Bowen, $1,000.00, the full amount of the policy, with interest, and the insurance company appeals. A great deal of evidence introduced by the insurance company was devoted to proving that the fire which destroyed the barn and tobacco was incendiary in its origin and that appellee, Bowen, either fired it himself or incited it, while a large part of the evidence introduced by appellee, Bowen, was directed to proving that no such thing happened.

A careful study of the evidence has convinced us that the fire was the result of design on the part of appellee, Bowen. The evidence tends to show that on the night before the fire appellee, Bowen, and two or three other men went out fox hunting early in the evening; that while they were out a tobacco buyer who had purchased the

crop of a neighbor came to Bowen's house looking for the man from whom he had purchased the tobacco and who was on the fox hunt, and after being told that the men were hunting, went back to find them, and when he came upon them he told the man from whom he had bought the tobacco that he would send a truck for it the next morning and to have it ready; that appellee, Bowen, was present with two or three other men; that soon thereafter all of them returned to Bowen's house, and after a short time he directed them to get teams and wagons ready to haul his tobacco out of the barn which was covered by the insurance over to a neighbor's barn, stating the work must be done before morning; whereupon he and the men obtained wagons and loaded the tobacco out of the insured barn on to the wagons and carried it over to the barn of the neighbor who had sold to the buyer; that only a small amount of tobacco was left in the barn; that some of the neighbors who happened to be up early next morning saw the wagons carrying the tobacco, and one neighbor picked up tobacco hands along the road from appellant's home toward the barn of the neighbor. He also saw fresh wagon tracks apparently made since the evening before. Other persons who gathered at the fire when the barn burned testified that they smelt no tobacco and that the ashes did not give the appearance of those usually found after fires in which tobacco was burned. There was much other evidence tending to corroborate the theory of the insurance company and that the tobacco had been moved from the barn before the fire took place. Taken as a whole, the evidence preponderates against appellee, Bowen, upon the question of the willful origin of the fire, and we must conclude that the chancellor was in error in finding that the contract of insurance should be reformed in accordance with appellee's contention, and that he was entitled to recover upon the policy as reformed. Apparently the chancellor labored under the belief that as appellee, Bowen, had been indicted in the criminal court for arson or barn burning, and had been acquitted by a jury, the question of the wrongful burning of the barn had been determined, but this does not necessarily follow. In a criminal case the jury is required to believe from the evidence beyond a reasonable doubt every fact essential to the guilt of the accused, while in a civil case a jury may find against him if it believes from the evidence that he has brought about the destruction of his property by fire.

The finding of the chancellor was against the weight of the evidence.

Many other questions are made in brief of appellant, but none of them have been more than briefly considered and are specifically reserved.

Judgment reversed, with directions to dismiss the petition.