## Glass v. Bryant et ux.

May 3, 1946.

Wm. B. Martin for appellant.

H. Clay Kauffman and G. Clay Walker, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—
Affirming.

On September 9, 1941, the appellees, W. A. Bryant and Mrs. W. A. Bryant, entered into a written contract with the appellant, Donald A. Glass, whereby appellant leased to appellees a one-story brick building in Lexington, Kentucky, for a term of two years, with the privilege of eight more years from that date. The premises were to be occupied as a garage and repair shop for automobiles. The rent specified in the contract was $125 a month, payable in advance. The appellees had occupied the premises for a period of ten years under a prior lease which expired October 1, 1941. They paid the rent at the rate of $125 a month until March 1, 1942. They paid $75 in March, $75 in April, and abandoned the premises on July 16, 1942. On November 22, 1943, Donald A. Glass brought this action against the Bryants to recover $1,875. He alleged in his petition that under the terms of the lease the defendants were required to pay the sum of $3,000 as rent from October 1, 1941, to September 30, 1943, and that they had paid only the sum of $775; that they abandoned the premises during the month of July, 1942, and on July 18, 1942, the plaintiff notified them that he would undertake to re-lease the premises under the same terms and conditions under which the defendants, by their written lease of September 9, 1941, leased the same, but if the property could not be rented for as much as provided for in the lease the plaintiff would hold the defendants liable for the difference in rent; that the plaintiff received only $380 from other lessees during the remainder of the term, making a total of $1,155 received by plaintiff as rental from October 1, 1941, to and including September 30, 1943, and leaving a balance of $1,845 due from the defendants. In their answer and amended answer the defendants alleged that due to the fact that the United States Government had put into effect the rationing of gasoline,

automobile tires and tubes, and, as a result that their sales of these articles had materially decreased, the plaintiff agreed to and did reduce the rent from $125 to $75 a month, and the defendants, in compliance with this agreement, paid to the plaintiff during the months of March and April, 1942, rent at the rate of $75 a month. They further alleged that just prior to July 15, 1942, the plaintiff agreed to and did cancel the lease, and in compliance with that agreement the defendants surrendered possession of the premises. They admitted that they owed to plaintiff rent at the rate of $75 a month from May 1 to July 15, 1942, and they paid into court the sum of $187.50. The affirmative averments of the answer as amended were traversed by reply. The case was submitted to the jury on the issues made by the amended answer and reply, the jury returned a verdict for the defendants, and the plaintiff appeals.

It is appellant's contention that the evidence introduced by appellees in support of their claim that the written contract had been modified and later rescinded by subsequent oral agreements was not sufficient to take the case to the jury, in view of the rule that such evidence must be clear and convincing, and that, consequently, the appellant was entitled to a directed verdict in his favor. The generally recognized rule is that a simple contract in writing may be modified or rescinded by a subsequent parol agreement, although the evidence of such modification or rescission must be clear and convincing, but there is some difference of opinion among the courts and considerable confusion in the authorities as to the right to modify or rescind by oral agreement a contract required by law to be in writing. The lease contract executed by the parties to this appeal was required by our statute of frauds to be in writing, since the lease was for a term of more than one year. KRS 371.010. In this jurisdiction it is well established that a contract required by law to be in writing may be modified or rescinded by a subsequent oral agreement. Keeney v. Waters, 135 Ky. 525, 122 S. W. 837; Warden v. Bennett, 145 Ky. 325, 140 S. W. 538; McKinney v. Flanery, 205 Ky. 766, 266 S. W. 629; Hicks v. Oak's Adm'r, 233 Ky. 27, 24 S. W. 2d 917. In National Union Fire Ins. Co. v. Duvall, 268 Ky. 168, 104 S. W. 2d 220, 222, this court said: "We think that the proper rule to apply to a verbal contract, wherein it undertakes to modify or rescind a written contract, is

that the evidence to do so must be clear and convincing; if not so, the written contract must prevail. This rule applies always where a contract is undertaken to be canceled or modified, that the law requires to be in writing. We are unable to see any distinction where the law requires a contract to be reduced to writing by the parties. The same rule should apply to the evidence necessary to modify or rescind it.''

There are some restrictions on, and exceptions to, the rule followed in this state that a contract required by law to be in writing may be modified or rescinded by an oral agreement, but they are not pertinent here. In Wilson v. Adath Israel Charitable & Educational Ass'n's Agent, 262 Ky. 55, 89 S. W. 2d 318, evidence of a subsequent parol agreement was rejected, but on the ground that the parol agreement itself was within the statute of frauds since it provided for a lease for three years, whereas the written lease was for one year with the option of renewal for two additional years.

The sole question for decision is whether or not the evidence is sufficient to sustain the verdict, in view of the rule that in a case of this character it must be clear and convincing. The appellant, Donald A. Glass, became a member of the United States army on February 9, 1942, and was away from Lexington until his discharge about twenty months later except for short intervals when he was at home on furlough. On January 30, 1942, he executed a power of attorney in which he appointed his father, S. A. Glass, his agent, to act for him in all business transactions. The appellee W. A. Bryant testified that some time during February, 1942, S. A. Glass agreed to reduce the rent from $125 to $75 a month. His testimony concerning his conversation with S. A. Glass was as follows: ''Well, the business got bad, tires and tubes we had in the building were frozen and our business fell off and we were losing money and I went down and talked to Mr. Glass, Donald's father, and he was acting as agent, and I said if he did not reduce the rent we would have to close the building, we were losing money, and he said you keep the building we will reduce the rent to $75.00 a month.   *   *   *   I told him we would have to close the building up unless he reduced the rent and he agreed to reduce it to $75.00 a month, and I tried to get him to reduce it to $50.00. He said I am sure it will be alright

to reduce it to $75.00 a month with Donald, but I would not take the authority to reduce it to $50.00 a month.''

He also testified that he had a conversation later with appellant, Donald A. Glass, when the latter was at home on furlough, in which he told appellant that his father had reduced the rent to $75 a month, and that if appellant would reduce it to $50 he would stay one year. Appellant replied that the expenses on the building were $65 and he would have to have that, but said: ''Anything you and Dad work out is all right.'' Bryant was corroborated as to this conversation by G. P. Campbell, who testified: ''I was in the office when Donald came in in uniform and Mr. Bryant asked about reducing the rent and said that his father had reduced it to $75 and Mr. Bryant asked him to reduce it to $50.00 and Donald said that he had to have about $65.00 out of it and said whatever that his father did was alright with him.''

Four canceled checks were introduced, the first for $50, dated March 30, 1942, payable to Donald Glass, signed by Mrs. W. A. Bryant and indorsed ''Donald Glass by Rachel Parrigin.'' The second check was dated April 4, 1942, was for $25 and carried the notation ''Balance of March rent.'' The third check dated May 10, 1942, was for $25, and carried the notation ''On Apr. rent.'' The fourth check dated May 27, 1942, was for $50, and on its face was the notation ''Balance on April rent.'' On the back was this indorsement: ''Credit acct. Donald Glass by Rachel Parrigin.'' Donald Glass had authorized Rachel Parrigin, who worked in his father's store, to receive the rent and deposit the money in the bank. Mrs. Bryant testified that just prior to July 16, 1942, she had a conversation with S. A. Glass in which he agreed to cancel the lease. He said he thought the Ohio Oil Company ''was going to take over.'' Mrs. Bryant agreed to pay the back rent, and Mr. Glass told her to leave the key at the store. The Bryants vacated the premises on July 16. S. A. Glass denied having a conversation in February with Mr. Bryant concerning the reduction of the rent and the conversation with Mrs. Bryant in July concerning the cancellation of the lease. He is corroborated in a negative way as to the latter conversation by Mrs. Bryant's failure to mention the agreement to cancel in a letter written by her in answer to a letter written to the Bryants on July 18, 1942, by the attorneys for Donald Glass in which they

notified the Bryants that Glass intended to re-lease the property upon the best terms available, but would hold them for the difference in the rent, if any. Thus we have a case in which the appellees testified positively that the contract was modified in February, 1942, by reducing the rent from $125 to $75 a month beginning March 1, and that the contract was rescinded by an oral agremeent in July, 1942. S. A. Glass denied that the oral agreements were made. Each party is supported to some extent by corroborating circumstances. Does the evidence meet the requirements prescribed in cases of this nature, that is, that evidence of an oral agreement modifying or rescinding a written contract must be clear and convincing? The expression "clear and convincing" in the foregoing rule does not mean that the oral contract should be established beyond a reasonable doubt. It means that the evidence in support of the oral agreement is not vague, ambiguous or contradictory, and comes from a credible source. Proof that is clear and convincing within the meaning of the rule does not lose its character merely because it is disputed or contradicted by evidence introduced by the opposing party. In Rowland v. Holt, 253 Ky. 718, 70 S. W. 2d 5, 9, an action to establish a lost will, the court, in response to the argument that the proof should be clear and convincing, said: "Clear and convincing proof does not necessarily mean uncontradicted proof. It is sufficient if there is proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent minded people."

In Karr v. Pearl, 212 Ky. 387, 279 S. W. 631, 632, an action for the reformation of an executed written contract, the court, after referring to the rule that the proof must be clear and convincing in order to obtain such relief, said: "However, an observance of that rule does not require that the evidence as to the fraud, oversight, or mistake, necessary to obtain the relief of reformation, shall be undisputed and uncontradictedly established, since it is a rare case where the grounds for such relief are admitted either by the pleadings or the testimony of defendant or the one against whom the reformation is sought. Practically in every case such grounds are contested, and at least some evidence introduced disputing them. The rule, supra, therefore, means nothing more than that the entire proof, together with the sur-

rounding circumstances shall be such as to convince a reasonable mind of the truth of the grounds alleged, and to dispel any well-founded doubt upon the subject."

The expression "clear and convincing proof" has been used in numerous opinions, but in none of them has it been used under such circumstances as to justify this court in disregarding the finding of the jury or the court below where there is substantial evidence to support it. It is the fact-finding body which must be convinced. It hears the evidence and is charged with the duty of passing upon the credibility of the witnesses. Where it is alleged that a written contract has been rescinded by an oral agreement and there is direct, positive proof of the oral agreement, the rule that the evidence must be clear and convincing is satisfied although contradicting evidence is introduced by the opposing party. In Jarnatt v. Cooper, 59 Cal. 703, the plaintiff sought to reform a mortgage and correct an alleged mistake in the written instrument. The lower court found that certain property had been omitted from the mortgage by the mutual mistake of the parties, and it was argued that the evidence was insufficient to justify that finding. The Supreme Court of California affirmed the judgment, and in the course of its opinion said: "It is doubtless a well-settled rule that the party alleging fraud or mistake is bound to prove his allegation by clear and convincing evidence. That is, that the evidence which tends to prove the alleged fraud or mistake, if standing alone, uncontradicted, would establish a clear prima facie case of fraud or mistake. If it does not, this Court may reverse the judgment on the ground of insufficiency of the evidence to justify the decision. But where the evidence which tends to prove fraud or mistake, if standing alone, uncontradicted, is sufficiently clear and convincing, we cannot reverse the judgment on the ground that such evidence is contradicted by other evidence, because the right to pass upon the credibility of witnesses is not vested in this Court. The only question which we have to decide in respect to the sufficiency of the evidence, is whether that which tends to prove the alleged fraud or mistake, if standing alone, without contradiction, would make out a prima facie case."

We think the foregoing is a correct statement of the quantum of evidence necessary in a case like the present one where the party alleging that a written contract has

been rescinded by an oral agreement must prove his allegation by clear and convincing evidence. The appellees' testimony was not vague and indefinite as in the case of Dehlinger v. Graue, 238 Ky. 461, 38 S. W. 2d 246, relied upon by appellant, but was clear, direct, and positive, and it was for the jury to say whether it should be believed. The jury saw fit to accept appellees' version of the controversy, and since we are not permitted to pass on the credibility of the witnesses, we are unable to say that its finding was not justified.

Judgment affirmed.