853 F.2d 926
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J.C. PENNEY INSURANCE COMPANY, Plaintiff-Appellee
v.
Thomas VARNEY, Defendant-Appellant
 No. 87-5982.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1988.
 
 Before LIVELY and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 LIVELY, Circuit Judge.
 
 
 1
 This diversity case concerns the standard of proof required of an insurer which refuses to pay a fire loss claim on the ground that the insured either intentionally burned the insured property or caused it to be burned. Is the proper standard in Kentucky "preponderance of the evidence" or "clear and convincing evidence"? The district court submitted the issue to a jury under a preponderance of the evidence instruction, and the jury returned a verdict for the insurer.
 
 I.
 A.
 
 2
 The district court consolidated a declaratory judgment action by the insurer with the insured's state court action for recovery under a fire policy that had been removed to district court pursuant to 28 U.S.C. Sec. 1441. The insured is a resident of Kentucky, and the policy was issued in Kentucky, where the insured property is located. Since federal court jurisdiction of both actions was based on diversity of citizenship, 28 U.S.C. Sec. 1332, the district court was required to apply the substantive law of Kentucky. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).
 
 
 3
 The parties stipulated that J.C. Penney Casualty Insurance Co. (Penney) issued a homeowner's insurance policy to Varney on November 16, 1984. The policy, which covered Varney's residence in Hardy, Kentucky, was in force on March 9, 1985, when the property was destroyed by fire. The parties stipulated that the fire which destroyed the property "was incendiary in origin and intentionally set by some person," but there was no agreement as to who was responsible for the fire. One of Penney's affirmative defenses to Varney's claim was that the fire "was caused by the Defendant, or others as agent of the Defendant acting by or at the direction of or with the knowledge and consent of the Defendant...." Since this was the only contested issue of liability, the district court properly placed the burden of proof on Penney. Connecticut Indemnity Co. v. Kelley, 301 S.W.2d 584 (Ky.1957).
 
 B.
 
 4
 During the pretrial conference at which the burden of proof was established, Varney moved for leave to brief the issue of whether the standard of proof was a preponderance of the evidence or clear and convincing evidence. The motion was granted and both parties briefed the issue prior to the beginning of the trial. The magistrate to whom pretrial motions had been referred recommended application of a clear and convincing evidence standard. This recommendation was based in part, at least, on the fact that Penney had also stated as an affirmative defense that Varney gave false and fraudulent information under oath to Penney following the fire. The magistrate appears to have treated the two affirmative defenses together, and to have applied the established Kentucky rule that one who charges fraud has the burden of establishing it by clear and convincing evidence. O'Brien v. Marvin, 387 S.W.2d 282, 284 (Ky.1965). However, so far as the record before us shows, the defense of fraudulent misrepresentations was not pressed by Penney and the only affirmative defense submitted to the jury was that of arson.
 
 
 5
 One of Varney's requested jury instructions read as follows:
 
 
 6
 The plaintiff/insurance company claims that the defendant, Varney, either intentionally burned his residence, and its contents, or conspired with some unknown third party to have his residence and its contents destroyed by fire.
 
 
 7
 The defendant, Varney, has conceded that his home was intentionally burned, but denies that he was in any way connected with its loss and destruction.
 
 
 8
 In order for the plaintiff to prevail in this action it must show, either that the defendant, Varney, intentionally burned his house, and its contents, for the purpose of collecting insurance, or that he conspired with some unknown third party to have the house and its contents destroyed by fire.
 
 
 9
 The burden of the plaintiff/insurance company is to show by clear and convincing proof that either the defendant, Varney, burned his home or conspired with some unknown third party to have his home and contents destroyed by fire.
 
 
 10
 By clear and convincing evidence, the Court means that you should be fully satisfied, satisfied to a moral certainty, and be clearly convinced that the defendant, Varney, burned his home, or had it burned, in order to return a verdict for the plaintiff/insurance company. You should not find for the plaintiff/insurance company on mere surmise, conjecture or suspicion of Varney's involvement in the destruction of his house and contents.
 
 
 11
 The district court refused to give the requested instruction and overruled an oral motion to so instruct the jury at an in-chambers conference at the conclusion of the evidence. Thereafter, the court charged the jury in accordance with its previous rulings:
 
 
 12
 At the beginning of the case, I told you that the plaintiff has the burden of proving the case by a preponderance of the evidence. That means that the plaintiff has to produce evidence which, considered in the light of all the facts, lead you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendant's evidence on opposite sides of the scales, plaintiffs would have to make the scales tip slightly on that side. If plaintiff fails to meet this burden, your verdict must be for the defendant.
 
 II.
 A.
 
 13
 The Kentucky Court of Appeals, then the State's highest court, addressed the issue now before us in Aetna Insurance Co. v. Johnson, 74 Ky. (11 Bush) 587 (1874). In Johnson, the insurer defended against a claim under a fire insurance policy on the ground that "the dwelling was fraudulently burned and procured to be burned by one of the [insureds]." The trial court instructed the jury that before it could find against the plaintiff on the ground that she had burned the building or caused it to be burned they must "so believe beyond a reasonable doubt." In reversing, the court of appeals made the universally accepted distinction between the standard of proof in civil and criminal cases--preponderance of the evidence in civil cases, and proof beyond a reasonable doubt in criminal cases. However, the intermediate standard of "clear and convincing evidence" was not mentioned. The court's summary statement on the matter, after discussing various authorities, was:
 
 
 14
 In civil actions where the questions at issue are involved in doubt the preponderance of the evidence determines the rights of the parties, and to adjudge differently in this class of cases would be disregarding a plain and elementary principle applicable to the trial of civil causes.
 
 
 15
 Id. at 593.
 
 
 16
 In Westchester Fire Insurance Co. of N.Y. v. Bowen, 219 Ky. 41, 292 S.W. 504 (1927), the court followed the rule stated in Johnson without citing that decision. In Bowen, an insurance company defended against a claim on a fire insurance policy by pleading that the fire which caused the loss was the work of the insured owner. In reversing a judgment for the plaintiff the court stated, "Taken as a whole, the evidence preponderates against appellee, Bowen, upon the question of the willful origin of the fire...." 292 S.W. at 505.
 
 B.
 
 17
 Varney's basic contention is that a defense based on a claim of arson, that is, the deliberate burning of insured property, is the equivalent of a claim of fraud. No Kentucky case has so held. However, this does appear to be the rule in several states. Quite recently the Supreme Court of Mississippi adopted the clear and convincing evidence standard. McGory v. Allstate Insurance Co., No. 57,650 (Miss.Sup.Ct. April 6, 1988) (discussed at 56 U.S.L.W. 2654) (May 4, 1988). In McGory the court recognized that many jurisdictions abide by the conventional preponderance of the evidence standard where an insurer relies on arson as a defense. However, treating the matter as a question of first impression in Mississippi, the court concluded that "[c]ivil arson seems very much like fraud." Id. On this basis, the Mississippi court adopted the clear and convincing evidence standard. In Mize v. Hartford Insurance Co., 567 F.Supp. 550 (W.D.Va.1982), the court, following somewhat different reasoning, found that under Virginia law both the defense of arson and that of material misrepresentations concerning the loss must be proved by clear and convincing evidence. The district court in Mize construed the rationale of a Virginia Supreme Court decision to be that "where the defense is one of a criminal act by the insured, the presumption that most people are law-abiding citizens requires that such an assertion be proven by clear and convincing evidence. Arson is one of the defenses which would come within that classification." Id. at 552.
 
 
 18
 Both Indiana and Ohio apply the traditional standard for civil cases where an insurer relies on the defense of arson. In Palace Entertainment, Inc. v. Bituminous Casualty Corp., 793 F.2d 842 (7th Cir.1986), the court noted that the Indiana Supreme Court had adopted the preponderance standard in 1887 and reaffirmed it two years later. This rule was found to be in accord with Indiana's treatment of other affirmative defenses that charge criminal activity and to be "consistent with the substantial weight of authority in other jurisdictions." Id. at 844. The Ohio Court of Appeals decided the issue in Caserta v. Allstate Insurance Co., 14 Ohio App.3d 167 (1983), where it stated:--
 
 
 19
 Although there is a dearth of Ohio authority upon the issue, cases from other jurisdictions generally hold that arson is an affirmative defense to be established by proof by a preponderance of the evidence that the insured participated in the burning of the property to obtain the insurance proceeds either by personally setting the fire or having someone else set it for him.
 
 
 20
 Id. at 171.
 
 
 21
 Many Michigan cases have held, like Kentucky cases, that fraud must be proven by clear and convincing evidence. See Disner v. Westinghouse Electric Corp., 726 F.2d 1106, 1109 (6th Cir.1984); but see the dissenting opinion of Judge Contie listing cases where the preponderance of the evidence standard has been applied to fraud claims by Michigan courts. Id. at 1112. Nevertheless, Michigan does not impose the clear and convincing standard where there is a defense of arson to a claim for fire insurance proceeds. In George v. Travelers Indemnity Co., 81 Mich.App. 106, 112 (1978), the court stated:
 
 
 22
 Where an arson defense is raised by an insurer, the burden is on the insurer to prove by a preponderance of the evidence that the plaintiff set fire to the building or caused it to be set on fire.
 
 
 23
 Thus, it seems that for the purpose of establishing the standard of proof, Michigan courts do not equate arson with fraud.
 
 III.
 
 24
 It appears that the Kentucky Supreme Court has never decided between the preponderance of the evidence standard and the clear and convincing evidence standard in a case of this kind. However, Kentucky courts have consistently applied the preponderance standard when the issue has arisen. The clear and convincing evidence standard has been applied in cases where a party seeks to prove an oral modification or rescission of a written agreement, seeks to establish a lost will, or seeks relief or recovery on a claim of fraud or mutual mistake. Glass v. Bryant, 302 Ky. 236, 194 S.W.2d 390 (1946), and cases cited therein at 194 S.W.2d 393. No Kentucky case has held that an insurer must establish an arson defense by clear and convincing evidence.
 
 
 25
 We are not completely comfortable deciding a diversity case principally upon the authority of a state decision rendered more than 100 years ago. However, insurers frequently defend by asserting that one claiming the proceeds of a fire policy caused the insured premises to be burned. Judge Ripple wrote in Palace Entertainment, "If the Indiana Supreme Court had intended to overrule such firmly established precedent and depart from the great weight of American authority, it would have alerted the bench and bar much more directly." 793 F.2d at 846. While the precedent may not be as firmly established in Kentucky, the decided cases indicate that Kentucky courts will continue to treat the arson defense as an ordinary issue in a civil case and apply the preponderance of the evidence standard.
 
 
 26
 The judgment of the district court is affirmed.