## THE NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY *v.* NEUHOFF.

[No. 20,561.   April 4, 1967.   No Petition for Rehearing filed.]

*Dale B. McLaughlin* and *Rigot & McLaughlin,* of counsel, both of Indianapolis, for appellant.

*Robert J. Fink,* of Indianapolis, for appellee.

COOPER, C. J.—This appeal comes to us from the Municipal Court of Marion County, Room 8, wherein a cause of action was brought by the Appellee against the Appellant to recover an amount alleged to be due the Appellee as the beneficiary of a certain insurance policy. The Appellee averred in her complaint that by virtue of a double indemnity clause in said policy, she was entitled to a judgment in the sum of Six

Thousand Dollars, and that she had complied with all the terms of the policy.

It appears from the record that the Appellant answered in two paragraphs, the first paragraph admitting and denying certain allegations as provided for by the rules of the Supreme Court of Indiana, and the second paragraph being an affirmative answer averring in substance that the signature of the insured on the application for insurance was forged. It also appears that the Appellant, after being sued by the Appellee, tendered to the Court through the Clerk of the Municipal Court of Marion County Room 8, the amount of $697.14 for the benefit of the Appellee, which said amount represented the total of premiums paid and interest thereon, received by the Appellant, "for the purpose of avoiding the alleged policy of insurance set forth in the plaintiff's complaint."

The cause was tried by the Court without a jury. At the conclusion of all the evidence, the trial court took the cause under advisement, ordered the parties to file briefs and later found for the Appellee and entered judgment for the Appellee in the sum of Six Thousand Dollars.

Thereafter, within the time allowed, Appellant filed its Motion for a New Trial averring therein that:

"1.   The decision of the court is not sustained by sufficient evidence.

"2.   That the decision of the Court is contrary to law."

The trial court overruled the said Motion for New Trial and this appeal followed. The error assigned is that the Court overruled the Motion for a New Trial.

We believe the general rule of law applicable to the case now before us in an action on an insurance policy (or contract of insurance) is that both the essential elements of the cause of action *and the essential elements of the affirmative defenses thereto must be established by a fair preponderance of the evidence.* See West's Indiana Law Encyclo-

pedia, Vol. 16, *Insurance*, Sec. 448, pp. 550, 551, and authorities cited therein. The judgment of the trial court against the Appellant on its affirmative defense was, in fact, a negative to the Appellant, and therefore the assignment in the Appellant's Motion for a New Trial that "the decision of the court is not sustained by sufficient evidence" presents nothing for our consideration. See Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, Section 1812, p. 385, Comment No. 6.

In considering the Appellant's assertion that the decision of the trial court is contrary to law, we reviewed the evidence in the record and find that it is conflicting. This court in reviewing the evidence is not permitted to weigh such evidence, nor are we allowed to substitute our judgment for that of the trial court solely for the reason that we might feel disposed to rule the other way had we the prerogative of weighing the evidence or determining its preponderance. Such duty is that of the trial court. West's Indiana Law Encyclopedia, Vol. 2, *Appeals*, Sec. 571, p. 482; *Fair Share Organization* v. *Mitnick, D/B/A Central 4th Street Drugs* (1964), 245 Ind. 324, 198 N. E. 2d 765, and authorities cited therein.

The foregoing rule is well stated in the recent case of *Woods* v. *Deckelbaum, et al.*, (1963), 244 Ind. 260, at page 266:

"It is only where the evidence is without conflict and leads inescapably to but one reasonable conclusion, and the trial court has reached a contrary conclusion, that the verdict or decision will be set aside on the ground that it is contrary to law. *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 395, 78 N. E. 2d, 447, 448; *Heeter* v. *Fleming* (1946), 116 Ind. App. 644, 647, 67 N. E. 2d 317, 318; *Pokraka* v. *Lummus Co.* (1952) 230 Ind. 523, 532, 104 N. E. 2d, 669, 673."

We have carefully reviewed each of the errors attempted to be urged by the Appellant, and by reason of what we have hereinbefore stated, and also by reason of the general princi-

ple that all presumptions must be resolved in favor of the decision of the trial court, we find no substantial error. The judgment of the trial court is, therefore, in all things affirmed.

Carson, J., Faulconer, J., and Prime, J., concur.

NOTE.—Reported in 224 N. E. 2d 690.