Eva Gladys WARNER, Leslie Warner, Betsy Gillot, Betsy Ellen Stephens, Etc., Plaintiffs-Appellees,

v.

Nellie GREGORY, Harold Clark, Adm., and The County of La Salle, a body politic and corporate, Defendants-Appellants.

Nos. 17314, 17315, 17322.

United States Court of Appeals Seventh Circuit.

July 31, 1969.

Rehearing Denied in Nos. 17314, 17322 Aug. 18, 1969.

Rehearing En Banc Denied Sept. 12, 1969.

Robert J. Sinon, Ottawa, Ill., John R. Fielding, Chicago, Ill., Robert E. Richardson, State's Atty., Joseph E. Lanuti, Asst. State's Atty., White & Sinon, Ottawa, Ill., for appellants.

John M. Wolslegel, Craig M. Armstrong, Ottawa, Ill., for appellees.

Before CASTLE, Chief Judge, and CUMMINGS and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiffs, aliens, bring this suit under 28 U.S.C. § 1332, seeking to divest the County of La Salle of property which escheated under Illinois law after the death of Walter Clark. The district court entered judgment for the plaintiffs from which this appeal is taken.

Walter Clark died in 1950, willing all his assets to persons who predeceased him. Under the testamentary laws of the State of Illinois, no kindred having been found, the estate of Walter Clark escheated to La Salle County, Illinois, in 1956. Ill.Rev.Stat. c. 3, § 11, para. 7. After the property escheated, various relatives of Walter Clark appeared. In 1960, Nellie Gregory and Harold Clark, Administrator for the Estate of Betsy Alice Clark, who were first cousins of Walter Clark, illegitimate children of an aunt of the deceased, filed suit in the Circuit Court of La Salle County under the Illinois Escheat Act. Ill.Rev.Stat. c. 49, § 7. Joan Baxter and James Clark who were children of William Henry Clark, a first cousin who did not die until 1951, sought to intervene in the Circuit Court but filed their motion for intervention too late. The Illinois Circuit

Court dismissed the suit and Gregory appealed. On appeal, Eva Warner and others, claiming as first cousins once removed, sought to intervene but the Illinois Appellate Court denied intervention. The Illinois Appellate Court held that the illegitimates, Gregory and Harold Clark, as administrator, could recover from La Salle County.

Meanwhile, Eva Warner and the other first cousins once removed filed suit in federal district court. All parties were joined in the action except that Joan Baxter and James Clark were denied the right to intervene because of the Statute of Limitations. The district court after staying the proceedings pending the decision of the Illinois Appellate Court in Gregory v. La Salle County, 91 Ill.App. 2d 290, 234 N.E.2d 66 (1968), held that the first cousins once removed were entitled to collect. The illegitimates and the County of La Salle appeal.

Nellie Gregory and Betsy Alice Clark claim as illegitimate first cousins. At issue is whether their status as illegitimates bars them from collecting under the Illinois Statute in effect at the death of Walter Clark.

■ Under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the federal courts are to look to the state law to decide questions of substantive law. Appellees contend that "* * * The *Erie* case directly envisioned state law as declared by the highest state court," Moore, Federal *Practice,* 2d ed., Vol. 1 A, p. 3301, and since the Illinois Supreme Court's interpretation of the Illinois Statute in effect at the death of Walter Clark is that illegitimates cannot inherit from collaterals, Spencer v. Burns, 413 Ill. 240, 108 N.E.2d 413 (1952), Nellie Gregory and Betsy Alice Clark cannot recover.

*Erie* and its progeny do not require an automatic application of the last highest state court determination. Professor Corbin in describing the task of the federal court in applying state law said:

When the rights of a litigant are dependent on the law of a particular state, the court of the forum must do its best (not its worst) to determine what that law is. It must use its judicial brains, not a pair of scissors and a paste pot. Our judicial process is not mere syllogistic deduction, except at its worst. At its best, it is the wise and experienced use of many sources in combination—statutes, judicial opinions, treatises, prevailing mores, custom, business practices; it is history and economics and sociology, and logic, both inductive and deductive. Corbin, The Laws of Several States, 50 Yale L.J. 762, 775 (1941).

Justice Frankfurter struck the same chords in his concurring opinion in Bernhardt v. Polygraphic Company of America, Inc., 350 U.S. 198, 205-212, 76 S.Ct. 273, 100 L.Ed. 199 (1956), where he looked behind the Vermont Supreme Court's decisions to determine the present status of Vermont law.

The Illinois Appellate Court in Gregory v. County of La Salle, 91 Ill.App.2d 290, 234 N.E.2d 66 (1968), has concluded that the Illinois Supreme Court's interpretation of Section 12 of the Probate Act in Spencer v. Burns, 413 Ill. 240, 108 N.E.2d 413 (1952), was not correct under the application of the Supreme Court's rules of construction. At the death of Walter Clark, Section 12 of the Illinois Probate Act provided:

An illegitimate child is heir of his mother and of any maternal ancestor; and in all cases where representation is provided for by this Act an illegitimate child represents his mother and his lawful issue represents him and take, by descent, any estate which the parent would have taken if living.

Prior to the consolidation and revision of the laws of intestacy into the Probate Act in 1939, the predecessor of § 12 reads as follows:

An illegitimate child shall be an heir of its mother and any maternal ancestor, and of any person from whom its mother might have inherited, if living.

From 1872 until the Illinois Supreme Court decision in Spencer v. Burns, 413 Ill. 240, 108 N.E.2d 413 (1952), illegitimates have been allowed to recover from collaterals. However, in *Spencer* the Supreme Court in interpreting the new provision concluded that the legislature by deleting "and of any person from whom its mother might have inherited, if living," intended to adopt a narrow meaning of the phrase "any maternal ancestor" as used in the statute. The Court concluded that the legislature did not want "any maternal ancestor" to include collaterals.

Six months after the decision in *Spencer* the Illinois legislature amended Section 12 by reinserting "and of any person from whom his mother might have inherited, if living." Ill.Rev.Stat. c. 3, § 12. The Illinois Supreme Court, in Modern Dairy Co. v. Department of Revenue, 413 Ill. 55, 108 N.E.2d 8 (1952), has adopted a rule of construction which allows the reinterpretation of legislative intent in light of subsequently enacted legislation.

In *Modern Dairy*, the Supreme Court held that its original construction of the phrase "sale at retail * * * for use and consumption" in the Retailer's Occupation Tax Act was too narrow in light of a redefinition of the phrase in an amendment to the Act. The Court concluded:

When this court construes a statute and that construction is not interfered with by the legislature, it is presumed that such construction is in harmony with the legislative intent. Conversely, if the legislature, after the courts construe the terms used in an act, attempts by amendment to define those terms as used in that act, the reasonable presumption is that the court's construction was not in accord with the original intent of the legislature. It would then seem incumbent upon the court to reconsider its construc-

tion of the act and, if it appeared to be clearly at variance with the interpretation of the legislature, to harmonize the court's construction with the legislative intent. *Id.* at 66, 108 N.E. 2d at 14. (Citations omitted.)

In Gregory v. County of La Salle, 91 Ill.App.2d 290, 234 N.E.2d 66 (1968), the Appellate Court concluded that the Illinois Supreme Court in *Spencer* had improperly construed legislative intent. The Court said that by reinserting the prior language, the legislature indicated that it had intended by the use of "any maternal ancestor" to include collaterals. We do not think that reinterpretation of the language of Section 12 in light of the legislative amendment was a retroactive application of the amendment which thereby destroyed a vested right in violation of Ill.Rev.Stat. c. 131, § 4.[1] As in *Modern Dairy* the Court is reconsidering its original interpretation of a legislative phrase and finds that its prior construction was improper. Cf. People ex rel. Spitzer v. County of La Salle, 20 Ill.2d 18, 169 N.E.2d 521 (1960). We agree with the Illinois Appellate Court that if the Illinois Supreme Court were confronted with this issue, it would conclude that the 1939 amendment allows an illegitimate child of a collateral descendant to recover.

The appellees' main argument seems to be based on the assumption that appellants Gregory and Betsy Clark are relying on Gregory v. County of La Salle, 91 Ill.App.2d 290, 234 N.E.2d 66 (1968), as being *res judicata*. The appellees contend that since they were not a party to the litigation in the state court, such litigation cannot be determinative of their rights. Appellees totally misconceive the nature of the argument. Gregory is arguing that under *Erie*, Gregory v. County of La Salle, 91 Ill. App.2d 290, 234 N.E.2d 66 (1968), points the direction in which the Illinois

1. We do not read Art. IV, Section 22, subparagraph 21 of the Illinois Constitution, S.H.A. as preventing retroactive application of the law of descent as contended by the appellees.

Supreme Court would go if confronted with this issue.

 The County of La Salle claims that the estate escheated to it under the Illinois law of distribution. The statute provides that "the nearest kindred of the decedent in equal degree," Ill.Rev. Stat. c. 3, § 11, inherits. Here, both William Henry Clark, who died six months after the decedent, and the illegitimates are cousins. Since William Henry Clark died prior to being discovered and his heirs are barred by the Statute of Limitations, the County claims that his share escheats to it. As to the illegitimates, the County relies on *Spencer,* which we have found is no longer the law in Illinois. While the claim of the County of La Salle as to William Henry Clark's half as against the claim of the illegitimates, who are the only first cousins capable of inheriting, was not raised in the Illinois Appellate Court in Gregory v. County of La Salle, we think the County is not barred under *res judicata* from raising it here. Since the heirs of William Henry Clark were not before the Illinois Appellate Court, the only claim litigated was as to the illegitimates' half share.

 The County contends that under the Illinois statutes, Ill.Rev.Stat. c. 3, § 11, Ill.Rev.Stat. c. 49, § 1, where there is an heir capable of inheriting at the death of the decedent, his existence forecloses all other heirs from inheriting. At common law, the existence of aliens incapable of inheriting did not prevent others from taking. Orr v. Hodgson, 17 U.S. 453 (4 Wheat.), 4 L.Ed. 613 (1819). The same rule was adopted in Illinois. Wunderle v. Wunderle, 144 Ill. 40, 33 N.E. 195, 19 L.R.A. 84 (1893). While, here, William Henry Clark is not an alien, we think it was the intention of the legislature that all possible heirs inherit before the property would escheat. Therefore, since the illegitimates are capable of inheriting, the entire estate descends to them.

Reversed.