**Mary Louise FOWLER, Individually and as Limited Guardian of the Estate of J. William Fowler, Plaintiff,**

v.

**J.J.B. HILLIARD, W.L. Lyons, Inc., a Kentucky Corporation, and Frank A. Evinger, Defendants.**

**No. IP 82–1893C.**

United States District Court, S.D. Indiana, Indianapolis Division.

May 18, 1984.

James Hawes, Greenwood, Ind., for plaintiff.

Robert Johnstone, Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.*

### I.

This cause is before the court on the motion for new trial filed by plaintiff, Mary Louise Fowler, on March 5, 1984. Jurisdiction is predicated upon 28 U.S.C. § 1332 and the parties are in complete agreement that the substantive law of Indiana applies.

This case was tried to a jury on February 21 through February 24, 1984, with a verdict for the defendants, Hilliard, Lyons and Frank A. Evinger (Evinger). Plaintiff alleged that Frank Evinger, a former broker-employee of Hilliard, Lyons, made certain unauthorized trades in plaintiff's account in Terre Haute, Indiana in the fall of 1980. Plaintiff claimed that no trades were to be carried out in plaintiff's account without plaintiff's prior consent. Plaintiff sought relief on a number of common law theories, as well as under Indiana Code § 34-4-30-1, which creates a civil treble damages remedy for victims of certain criminal acts.

At the close of plaintiff's case, Hilliard, Lyons moved for a directed verdict with respect to all of plaintiff's claims. The court granted Hilliard, Lyons' motion with respect to plaintiff's claims for intentional infliction of mental distress, conversion and damages under Indiana Code § 34-4-30-1.

---

* Sitting by designation pursuant to 28 U.S.C. § 292(b).

The case was submitted to the jury only on theories of breach of contract and fraud. A jury verdict was returned for defendants on all those remaining issues.

This motion for new trial was set for oral argument and hearing in Indianapolis, Indiana, on May 14, 1984 at 2:00 o'clock P.M. with notice of same to counsel for plaintiff. Counsel for defendants appeared for oral argument at the designated time and place but counsel for plaintiff did not appear and his absence remains unexplained.

In the motion for new trial, plaintiff has set forth a number of supposed bases for this relief, but she has briefed only one: this court's allegedly erroneous instruction (Instruction No. 26) to the effect that plaintiff was required to prove her fraud claim by "clear and convincing" evidence, rather than by a "preponderance of the evidence" standard. For the reasons set forth below, the motion for new trial of plaintiff, Mary Louise Fowler, is denied.

## II.

■ In this case, plaintiff's fraud claims are wholly duplicative of her contract claims, except to the extent she seeks punitive damages. Since punitive damages must be proved by "clear and convincing" evidence under Indiana substantive law, this court was correct in instructing the jury that plaintiff was required to prove her fraud claims by "clear and convincing" evidence.

Plaintiff's fraud claims are predicated exclusively on contractual allegations that agents of Hilliard, Lyons made promises to plaintiff they did not intend to keep: (1) that no transactions would be made in plaintiff's account without plaintiff's prior approval; (2) that no future unauthorized transactions would be made in plaintiff's account; and (3) that prior unauthorized transactions would be corrected. The same alleged promises also form the basis for plaintiff's claims for breach of contract.

■ This court instructed the jury that plaintiff's breach of contract claims need be proved only by a preponderance of the evidence. (Instruction No. 20). Therefore, if the jury had found by a preponderance of the evidence that Hilliard, Lyons had made and breached the foregoing alleged commitments, plaintiff would have been entitled to recover any actual damages. Given the more numerous elements of a fraud claim (e.g., falsity, scienter, reliance), there is no circumstance under which the jury could have found the promises alleged to give rise to liability for fraud but not for breach of contract. Plaintiff obviously is entitled to only one recovery for breach of these alleged promises. E.g., McCormick, Damages, § 137 (1935); 22 Am.Jur.2d Damages, § 12. Cf. Barker v. Cole, Ind. App., 396 N.E.2d 964 (1979) (Under elementary principles of tort law, a plaintiff is entitled to only one recovery for a wrong).

■ Under these circumstances, the only effect a finding of fraud could have on plaintiff's recovery would be with respect to plaintiff's claim for punitive damages. As the Supreme Court of Indiana noted in Travelers Indemnity Co. v. Armstrong, Ind., 442 N.E.2d 349 (1982), a breach of contract will always be regarded as fraudulent by a plaintiff, but such breach will not entitle the promisee to punitive damages, unless the fraud is proved by clear and convincing evidence. Id. at 363.

All of the cases cited by plaintiff in support of her argument that fraud need be proved only by a "preponderance of the evidence" "were decided before the Supreme Court's decision in Travelers Indemnity and the Seventh Circuit's opinion in Canada Dry Corp. v. Nehi Beverage Co., 723 F.2d 512 (7th Cir.1983). Travelers Indemnity and Nehi establish that punitive damages must be proved by "clear and convincing" evidence in Indiana. Plaintiff states that neither Travelers Indemnity nor Nehi "addressed or purported to address the question of the burden of proof for the establishment of a right to recover upon the underlying claim." Plaintiff misses the point of this court's Instruction No. 26. This court instructed the jury that it must find fraud by "clear and convincing" evidence, because the only "underlying

claim" for fraud in the context of this case was for punitive damages.

Because plaintiff's fraud claims are wholly duplicative of her contract claims, except to the extent such fraud claims might give rise to punitive damages, the court's instruction that fraud in this case must be proved by "clear and convincing" evidence was correct.

This court has examined several post-*Travelers Indemnity Co. v. Armstrong* cases that are most revealing of the reach of its holding. *See Don Medow Motors, Inc. v. Grauman,* Ind.App., 446 N.E.2d 651 (1983); *Farm Bureau Mutual Ins. Co. v. Dercach,* Ind., 450 N.E.2d 537 (1983); *Lloyds of London v. Lock,* Ind.App., 454 N.E.2d 81 (1983); *Tuthill Corp. Fill-Rite Div. v. Wolfe,* Ind.App., 451 N.E.2d 72 (1983). To read *Travelers* as plaintiff suggests is to totally undermine its basic decisional holding.

### III.

 Even if this court erred in instructing the jury that fraud must be proved by "clear and convincing" evidence, which it did not, such error was harmless, because Hilliard, Lyons was entitled to a directed verdict on plaintiff's fraud claims. The only "fraud" alleged in this case is that agents of Hilliard, Lyons made promises to do things in the future with a present intent not to perform such promises. In Indiana, unlike the majority of jurisdictions, such alleged representations, as a matter of law, do not constitute fraud.

It is axiomatic that an error in a jury instruction is harmless, if a directed verdict should have been granted on that issue. *E.g., Maryland Causualty Co. v. Dondlinger & Sons Construction Co.,* 420 F.2d 1368, 1371–72 (8th Cir.1970). *See generally* Wright & Miller, § 2886 at 290 and cases cited.

In this case, the evidence is insufficient to establish fraud, as a matter of law. In Indiana, unlike the majority of jurisdictions, a promise to do an act in the future cannot be the basis of liability for fraud, even if the promise is made with a present intent not to perform. As the Supreme Court of Indiana stated in the famous case of *Sachs v. Blewett,* 206 Ind. 151, 185 N.E. 856, 858 (1933);

> This court has repeatedly said that actionable fraud cannot be predicated upon a promise to do a thing in the future, although there may be no intention of fulfilling the promise.

*Id. Accord, Grande v. General Motors Corp.,* 444 F.2d 1022, 1025 (7th Cir.1971), *quoting Sachs; Royal Business Machines, Inc. v. Lorraine Corp.,* 633 F.2d 34, 45 (7th Cir.1980) ("a fraud action [cannot] be predicated upon ... promises to perform in the future"). This rule was recently reaffirmed by the Seventh Circuit in *Canada Dry Corp. v. Nehi Beverage Co., Inc. of Indianapolis,* 723 F.2d 512 (7th Cir.1980) where the Court stated:

> Nehi's contention that Canada Dry never intended to fulfill its contract with Nehi, even if proven, also does not establish an element of fraud as a basis for an award of punitive damages. This court, quoting the Indiana Supreme Court, has stated Indiana law as holding that:
>
> > "actionable fraud cannot be predicated upon a promise to do a thing in the future although there may be no intention of fulfilling the promise."
>
> Therefore, there would appear to be no clear basis for awarding punitive damages to Nehi, even if Canada Dry did not in fact intend wholeheartedly to fulfill its contract.

*Id.* at 525 n. 10 (citations omitted).

 Plaintiff's fraud claims relate only to alleged promises to perform, or to refrain from performing acts in the future. Plaintiff's fraud claims rest entirely on allegations that Hilliard, Lyons promised plaintiff:

1. that it "would" follow her instructions;

2. that no future unauthorized transactions "would" be made in her account; and

3. that prior unauthorized transactions "would" be corrected.

Apparently oblivious to the rule of *Sachs v. Blewett,* plaintiff argues that because Hilliard, Lyons allegedly "did not intend" to perform its promises, Hilliard, Lyons' alleged promises were fraudulent. Plaintiff's theory of fraud is set forth more fully in plaintiff's tendered Instruction No. 16,[1] which states:

> Every promise implies that it is the then-present intent of the promissor to perform that promise, and constitutes the representation of the promissor that such is his intent. *This intent is a present and existing fact, which if not true or misrepresented by the promissor will, if all other elements are proved, entitle Plaintiff to recover in an action for fraud.* (emphasis added)

This theory is directly contrary to Indiana law. As the Supreme Court held in *Sachs v. Blewett:*

> The appellee asserts that a state of mind is a fact, and that a misrepresentation as to an intention to carry out a contract is a misrepresentation of a fact upon which an action for fraud may be predicated. There appears to be much conflict of authority upon the subject. 12 R.C.L. 261. *But there is no real conflict in the authorities in this state. A fraudulent intent alone is not actionable.*

185 N.E. at 858 (emphasis added). *Accord,* 14 I.L.E. Fraud § 17 at 172.

This court was clearly more generous than it should have been with the plaintiff on the fraud issue as herein described. Under Indiana law, a verdict should have been directed. However, the verdict of the jury vitiates the error in favor of the plaintiff and no basis is here stated for a new trial. Accordingly, plaintiff's motion for a new trial is DENIED. SO ORDERED.

---

**1.** Although the Court submitted this instruction to the jury (Instruction No. 27), this Court instructed the jury that:

> No fraud can be based on a promise to do, or refrain from doing, an act in the future, even though the person making the promise may have no intention of carrying out the promise. (Instruction No. 40).