PALACE ENTERTAINMENT, INC.,
Charles Richard Botts, II, and
Ann Fultz Botts, Plaintiffs-Appellees,

v.

BITUMINOUS CASUALTY CORPORA-
TION, Defendant-Appellant.

No. 85–2285.

United States Court of Appeals,
Seventh Circuit.

Argued April 10, 1986.

Decided June 12, 1986.

Richard D. McIntyre, Sr., McIntyre &
McIntyre, Bedford, Ind., for plaintiffs-ap-
pellees.

James T. Ferrini, Clausen, Miller, Gor-
man, Caffrey & Witous, P.C., Chicago, Ill.,
for defendant-appellant.

Before WOOD and RIPPLE, Circuit
Judges, and ESCHBACH, Senior Circuit
Judge.

RIPPLE, Circuit Judge.

This action was brought by the plaintiffs
to enforce the terms of an insurance policy
issued by the defendants on the Palace
Theatre. After the theatre was destroyed
by fire on February 8, 1983, plaintiffs filed
a proof of loss statement. This claim was
rejected by the defendant insurance compa-
ny on the grounds that the fire had been
intentionally set and the amount of loss
claimed had been misrepresented. Plain-
tiffs filed suit to recover on the policy.
The jury returned a verdict for the plain-
tiff. Defendant's post-trial motion for a
judgment notwithstanding the verdict
(judgment n.o.v.) or for a new trial was
denied. This appeal followed. Because the
jury was improperly instructed as to the
defendant's burden of proof in establishing
its affirmative defenses, we reverse the
judgment of the district court and remand
the case for a new trial.

I

Appellee Palace Entertainment, Inc. (Pal-
ace) is an Indiana corporation formed by
Robert Evans which operated the Palace
Theatre (a movie theatre) at 1416 "I"
Street in Bedford, Indiana. On July 27,
1982, appellant Bituminous Casualty Corpo-
ration (Bituminous) issued a policy of insur-
ance, number MP 1 545 005, to Palace to
cover the "I" Street premises. The policy
provided fire damage coverage of $100,000
for the building and $15,000 for its con-
tents.

The Palace Theatre was destroyed by
fire on February 8, 1983. Thereafter, on
March 1, 1983, Palace submitted a proof of
loss statement signed by Robert Evans at-
testing that the full amount of the loss was

$137,000. The sworn statement also contained a paragraph which provided that:

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made.

Plaintiff's Ex. 2. Palace's claim was rejected by Bituminous on the grounds that the fire had been deliberately set by persons acting on Palace's behalf and that the amount of the loss had been misrepresented in violation of the following policy provision: "This policy is void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance." Plaintiffs' Ex. 1 at 2.

On May 27, 1983, Palace filed suit against Bituminous to recover on the policy in the Superior Court of Lawrence County, Indiana. On June 23, 1983, Bituminous removed the case to the United States District Court for the Southern District of Indiana. Following a jury trial, on June 14, 1985, a verdict was entered for Palace in the amount of $87,000. Bituminous filed a motion for a judgment n.o.v. or, in the alternative, for a new trial. Bituminous contended that the jury had been erroneously instructed as to burdens of proof and that the verdict was against the weight of the evidence. The motion was denied. This appeal followed. The issues presented are whether the district court improperly instructed the jury that the defendant was required to prove arson and false swearing by clear and convincing evidence and whether the evidence supported the verdict. Our determination with respect to the first question precludes the need to consider the second issue.

## II

Where, as here, jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332, the federal district court must apply the substantive law of the forum state. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In this case, therefore, the law of the state of Indiana is controlling.

After Palace and Bituminous had concluded their closing arguments, the district judge instructed the jury that:

The burden is on the plaintiff to prove every essential element of its claim for breach of the insurance policy by a preponderance of the evidence.

As to the two affirmative defenses which the defendant has raised, *the burden of proof is on the defendant to establish all of the essential elements of one or more of them by clear and convincing evidence.*

Tr. 659–60 (emphasis supplied). The district court further advised the jury that:

Each of the defendant's affirmative defenses accuses the plaintiff with conduct prohibited by law. The plaintiff is presumed to be innocent of such wrongdoing. Therefore, *in order to prevail on either of its affirmative defenses, the defendant's evidence must be sufficiently clear and convincing as to overcome such presumption,* as well as the opposing evidence; however, it need not be convincing beyond a reasonable doubt.

Tr. 660–61 (emphasis supplied). Appellant Bituminous claims that this instruction presents an erroneous statement of Indiana law. We agree.

In 1887, the Indiana Supreme Court held that an insurer who defends against a claim upon a policy by claiming the insured committed arson must prove the affirmative defense by a preponderance of the evidence. *Continental Ins. Co. v. Jachnichen*, 110 Ind. 59, 10 N.E. 636 (1887). In *Jachnichen*, the Indiana Supreme Court noted that:

The rule that a preponderance of the evidence is all that is necessary to maintain the affirmative of the issue in a civil case is not vitiated by directing the attention of the jury to the nature of the issue, and to the presumption of innocence where a crime is charged; nor by reminding them that more evidence is required to create a preponderance, and establish guilt over such presumption, than is required where no such presumption obtains.

10 N.E. at 638. The *Jachnichen* court expressly stated that application of the preponderance standard was required "without regard to the fact that the matter in issue may involve the imputation of a crime." *Id.* at 639. Two years later, in *Hale v. Matthews*, 118 Ind. 527, 21 N.E. 43 (1889), the court reaffirmed explicitly its adherence to *Jachnichen.*[1] *Id.* at 45. The rule articulated in *Jachnichen* is in harmony with Indiana's approach to other affirmative defenses which impute criminal wrongdoing. *See, e.g., National Life and Accident Insurance Co. v. Neuhoff,* 140 Ind.App. 603, 224 N.E.2d 690, 692 (1967); *Shelby Mfg. Co. v. Harris,* 112 Ind.App. 627, 44 N.E.2d 315, 318 (1942) (*en banc*). Indiana has also explicitly approved *Jachnichen* in cases where the imputation of criminal activity was raised in the litigation as an element of the cause of action rather than as a matter of affirmative defense. *Barger v. Barger,* 221 Ind. 530, 48 N.E.2d 813, 815 (1943) (forgery of a will in an action to contest the will).

Moreover, the general approach of Indiana law is consistent with the substantial weight of authority in other jurisdictions.

It is well settled in substantially all the jurisdictions in the United States, or at least in all those in which the question has been directly raised, that facts constituting a crime need not be proved beyond a reasonable doubt if they are at issue in a civil action, but that it is sufficient to prove the existence of the criminal act by a preponderance of the evidence.

30 Am.Jur.2d *Evidence* § 1169 (1967). Indeed, with respect to the specific application of this principle at issue in this case—arson as an affirmative defense—it is generally held "that arson is an affirmative defense to be established by proof by a preponderance of the evidence that the insured participated in the burning of the property to obtain the insurance proceeds...." *Caserta v. Allstate Insurance Co.,* 14 Ohio App.3d 167, 470 N.E.2d 430, 435 (1983); *see also Vicksburg Furniture Mfg., Ltd. v. Aetna Casualty & Surety Co.,* 625 F.2d 1167, 1170 (5th Cir.1980) (citing 21 Appleman, Insurance Law and Practice § 12682 (1980); 14 Couch on Insurance 2d § 79:473 (1968)).

Palace contends, and the district judge decided (Tr. 677), that Indiana departed from this substantial body of authority in *Travelers Indemnity Co. v. Armstrong,* 442 N.E.2d 349 (Ind.1982). In *Travelers,* the Indiana Supreme Court required clear and convincing evidence for the imposition of punitive damages:

[P]unitive damages should not be allowable upon evidence that is merely consistent with the hypothesis of malice, fraud, gross negligence or oppressiveness. Rather some evidence should be

---

1. *Hale v. Matthews,* 118 Ind. 527, 21 N.E. 43, 44–45 (1889), involved an action for damages for setting fire to lumber. The court held that:

> The general rule in civil cases is that a party having the burden of an issue shall succeed upon that issue if he can bring to his aid a preponderance of the evidence.
>
>    *    *    *    *    *    *
>
> The instruction in this case is in the usual form used in civil actions, and while it would have been proper for the jury, in making their verdict, to consider the presumption of innocence which attached to the appellant, we do not think that such presumption changed the rule, and required appellee to have more than

a preponderance of the evidence to entitle him to recover. The jury were told, in another instruction, in substance, that the presumption of law was against wrong-doing, and it is fair to presume that the jury considered this instruction, with the one now under consideration, in making their verdict. If the appellant desired that the jury should be more specifically instructed in relation to the presumption of innocence attaching to him, he should have asked the court to do so. In the case of *Insurance Co. v. Jachnichen,* 110 Ind. 59, 10 N.E.Rep. 636, the authorities upon the question here involved are collected, and the question is decided adversely to the appellant.

required that is inconsistent with the hypothesis that the tortious conduct was the result of a mistake of law or fact, honest error of judgment, over-zealousness, mere negligence or other such noniniquitous human failing. For, just as we agree that it is better to acquit a person guilty of crime than to convict an innocent one, we cannot deny that, given that the injured party has been fully compensated, it is better to exonerate a wrongdoer from punitive damages, even though his wrong be gross or wicked, than to award them at the expense of one whose error was one that society can tolerate and who has already compensated the victim of his error. The public interest cannot be served by a policy that favors the latter over the former. And, just as the requirement of proof beyond a reasonable doubt furthers the public interest with respect to criminal cases, a requirement of proof by clear and convincing evidence furthers the public interest when punitive damages are sought.

*Id.* at 362–63. Earlier in its discussion, in *dicta*, the court had surveyed the standards of proof generally applicable in Indiana. With respect to the standard of proof in civil cases, the court remarked, "[a]lthough we find no Indiana civil case in which the standard higher than the preponderance of the evidence has been clearly adopted, higher standards have been clearly recognized and perhaps subtly applied." *Id.* at 361. The court then discussed *Jachnichen* in these terms:

The trial court gave an instruction advising that Continental, in order to maintain the defense, must establish the truth of such charge beyond a reasonable doubt. This Court reversed, saying in civil actions the rights of the parties are to be determined by a preponderance of the evidence and that since the action was a civil one, it was subject to all the

rules belonging to actions of that class, *"without regard to the fact, that the matter in issue may involve the imputation of a crime."* ... Curiously, however, the court, at the same time, acknowledged that "when an infamous charge is preferred, whether it be in a civil or criminal case, the same presumptions of innocence attach in favor of the party assailed, and doubtless the jury should scrutinize the evidence with *greater caution* before coming to a conclusion in favor of guilt; * * *." ... It then proceeded to say, "To create a preponderance, the evidence must overcome the opposing presumptions, as well as the opposing evidence."

*Id.* (citations omitted). The district court, in this case, interpreted the Indiana Supreme Court's discussion to mean that, whenever an affirmative defense asserts a crime, that defense must be established by clear and convincing evidence. Tr. 679–80. We respectfully disagree. Indeed, in the paragraph immediately following the foregoing passage, the *Travelers* court expressly reconciled its observations with respect to *Jachnichen* with the continued vitality of the preponderance standard:

"Preponderance of the evidence," when used with respect to determining whether or not one's burden of proof has been met, simply means the "greater weight of the evidence." To say, then, that in some cases the evidence must overcome opposing presumptions as well as opposing evidence is to acknowledge that more persuasive evidence may be required in some cases than in others.

*Id.* at 361 (citation omitted).[2] Moreover, after *Travelers*, an Indiana court, citing *Jachnichen* with approval, held that the insurer's burden was to establish its arson defense by a preponderance of the evidence. *Dean v. Insurance Co. of North America*, 453 N.E.2d 1187, 1194 (Ind.Ct. App.1983). More recently, in *Orkin Exter-*

---

**2.** We also note that *Travelers* did not change the burden of proof in fraud cases decided on Indiana law. It is firmly established in Indiana that an allegation of fraud must be proven by a preponderance of the evidence. *See Plymale v. Upright,* 419 N.E.2d 756, 760 (Ind.Ct.App.1981);

*Grissom v. Moran,* 154 Ind.App. 419, 290 N.E.2d 119, 123 (1972); *Automobile Underwriters, Inc. v. Smith,* 131 Ind.App. 454, 166 N.E.2d 341, 348 (1960).

One district court, interpreting the effect of *Travelers* on Indiana law, noted that fraud as an

*minating Co. v. Traina,* 486 N.E.2d 1019 (Ind.1986), the Indiana Supreme Court discussed the meaning of its holding in *Travelers.* The court explained that it is the nature of punitive damages which requires a showing akin to that required in a criminal context instead of the preponderance of the evidence standard which is generally applied in civil actions. *Id.* at 1022 (citing *Travelers* ).

We are aware that *"Erie* and its progeny do not require an automatic application of the last highest state court determination" squarely on point. *Warner v. Gregory,* 415 F.2d 1345, 1346 (7th Cir.1969), *cert. dismissed,* 397 U.S. 930, 90 S.Ct. 817, 25 L.Ed.2d 112 (1970); *see also Bernhardt v. Polygraphic Co. of America, Inc.,* 350 U.S. 198, 205–13, 76 S.Ct. 273, 277–81, 100 L.Ed. 199 (1956) (Brandeis, J., concurring). We are also mindful that substantial weight must be given to determinations of state law made by a federal district judge who sits in that state. *See Afram Export Corp. v. Metallurgiki Halyps, S.A.,* 772 F.2d 1358, 1370 (7th Cir.1985); *In re Air Crash Disaster Near Chicago,* 701 F.2d 1189, 1195 (7th Cir.), *cert. denied,* 464 U.S. 866, 104 S.Ct. 204, 78 L.Ed.2d 178 (1983). However, "we cannot give [that determination] controlling weight; the parties are entitled to judicial review...." *Afram,* 772 F.2d at 1370. In our view, the Indiana Supreme Court did not intend, by its holding in *Travelers,* to change the law as established in *Jachnichen.* We cannot say "with some assurance" that the Indiana Supreme Court will not follow *Jachnichen* in the future. *See Meredith v. Winter Haven,* 320 U.S. 228, 234, 64 S.Ct. 7, 10, 88 L.Ed. 9 (1943). The *dicta* in *Travelers* is not, in our view, a "sound ground [ ] to believe that the highest state court would

in a case like ours adopt a different approach" from the one in *Jachnichen. Calvert v. Katy Taxi, Inc.,* 413 F.2d 841, 846 (2d Cir.1969). If the Indiana Supreme Court had intended to overrule such firmly established precedent and depart from the great weight of American authority, it would have alerted the bench and bar far more directly.[3] Therefore, absent clear guidance from the Indiana state courts, federal courts considering the standard an insurer must meet to establish an affirmative defense against a claim by an insured must apply the preponderance of the evidence standard. Accordingly, we reverse and remand for a new trial applying this standard.[4]

REVERSED AND REMANDED.

---

affirmative defense would have to be proven by clear and convincing evidence where "the only 'underlying claim' for fraud ... was for punitive damages." *Fowler v. Hilliard,* 585 F.Supp. 1320, 1322–23 (S.D.Ind.1984).

Thus, it is clear that this affirmative defense is also governed by the preponderance of the evidence standard rather than the clear and convincing standard.

**3.** Palace has urged us to certify the question to the Indiana Supreme Court. We do not believe

that the law of Indiana is sufficiently unsettled to justify the use of that procedure.

**4.** We decline Bituminous' invitation to assess the evidence ourselves under the preponderance standard. It is the province of the finder of fact to determine, in the first instance, whether Bituminous has proved its affirmative defenses by a preponderance of the evidence. We will not usurp the jury's function.