*In re* ESTATE OF RAYMOND T. PERICLES, Deceased (Carole Clark, Respondent-Appellant, v. Matthew Pericles, Ex'r of the Estate of Raymond T. Pericles, Deceased, Movant-Appellee).

First District (6th Division)   No. 1—93—2074

Opinion filed September 30, 1994.

Timothy C. Batten, of Schreeder, Wheeler & Flint, of Atlanta, Georgia, for appellant.

Marvin S. Helfand and Timothy S. Buckley, both of DeFrees & Fiske, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

This case involves the calculation of a surviving spouse's share upon the renunciation of her deceased husband's will pursuant to section 2—8(a) of the Probate Act of 1975. (Ill. Rev. Stat. 1991, ch. 110$^1$/$_2$, par. 2—8(a).) The pertinent facts are as follow.

On August 12, 1990, respondent Mary Carole Clark and the decedent, Raymond T. Pericles, were married in Atlanta, Georgia. During the first three months of their marriage, respondent resided in Marietta, Georgia, while the decedent resided in Northbrook, Illinois. In November 1990, the couple began living together in Northbrook. Three weeks later, however, the couple separated. In August 1991, respondent moved back to Georgia, where she lived with her three children from a prior marriage. During the period of the couple's separation, a property settlement agreement in contemplation of a divorce was prepared. Although the decedent provided minimal support to respondent during the first nine months of their separation, that support ended in October 1991 when respondent signed the property settlement agreement. The agreement never took effect, however, because the couple's marriage was not legally dissolved. It should be noted that the respondent claims that the decedent continued to provide her with regular, monthly support up until the time of his unexpected death.

On November 24, 1991, the decedent, who was domiciled in Illinois, died testate in Cook County, Illinois. He was survived by respondent and two adult children from a prior marriage, Matthew and Dawn Pericles. At the time of his death, the decedent owned real and personal property in Illinois and real property in Georgia and Florida. He left a will dated February 5, 1991, which contained a specific bequest to respondent in the amount of $25,000, with his residuary estate to his children in equal shares. However, on April 20, 1991, the decedent apparently crossed out the provision in favor of respondent, and on July 15, 1991, he apparently added the language "Carole is to be taken out of my will."

On February 7, 1992, the circuit court of Cook County admitted the will dated February 5, 1991, to probate and appointed as independent executor the decedent's son, Matthew, whom the decedent had named as his personal representative. On February 26, 1992, respondent filed a motion in the trial court to set a hearing on the issue of a spouse's award. On April 30, 1992, the independent executor filed a petition to award respondent the statutory minimum spouse's award of $10,000 based on the termination of all support to her prior to decedent's death. Respondent countered with an amended petition, requesting 5% of the gross estate or $32,050. She subsequently revised her request, asking for "five percent (5%) of the gross estate of 1.3 millions dollars," or $65,000. On July 15, 1992, respondent filed a renunciation of the will under section 2—8(a) of the Act.

The executor represented to the trial court that the decedent's gross estate totalled approximately $1,400,000 and consisted of (1) intangible personalty wherever located and tangible personalty and realty in Illinois worth about $626,000; (2) commercial property in Gainesville, Georgia, worth about $450,000; and (3) a horse farm in Ocala, Florida, worth about $248,000.

Respondent argued to the trial court that under section 2—8(a) of the Act, she was entitled to one-third of the decedent's "entire estate," which included his Georgia and Florida properties. She also argued that all estate taxes and expenses should be deducted first from the gross Federal estate, which includes the out-of-State property, prior to calculating her statutory share. The executor countered that respondent was only entitled to one-third of the estate subject to probate in Illinois, thus excluding the Georgia and Florida realty from the computation of her share upon renunciation. He also argued that she was not entitled to any part of the decedent's estate under Georgia or Florida law and that respondent's share upon renunciation should be calculated after the payment of all estate taxes, including the portion generated by the Georgia and Florida properties and other administrative expenses.

After a hearing on April 6, 1993, the trial court held that respondent was entitled to one-third of the decedent's entire estate, including all real property owned by him in Florida and Georgia, after deducting all estate taxes, debts of the decedent and administration expenses. The court also allowed her the minimum spouse's award of $10,000.

On the executor's motion, a rehearing was held on May 14, 1993, whereupon the trial judge vacated that part of his April 6, 1993, order pertaining to the calculation of the surviving spouse's share. The court ordered that respondent's share on renunciation was to be calculated on the basis of the decedent's property subject to probate in Illinois, that is personal property and real estate located in Illinois. He further held that respondent had no rights on renunciation of the will under Florida or Georgia law, except for a year's support under Georgia law. The judge also directed the executor to compute respondent's share pursuant to section 2—8(a) after deduction of all Federal and Illinois death taxes, debts and other administration expenses in full and without apportionment, with the exception that Georgia and Florida estate and inheritance taxes were not to be charged against the Illinois estate in calculating her share. The executor was further directed to pay the minimum spouse's award of $10,000 within 14 days of the date of the order. Respondent appeals.

On appeal, respondent contends that, as the surviving spouse, upon renunciation she was entitled to one-third of the decedent's entire estate, including the value of his out-of-State real property. She argues in the alternative that if we hold that her share must be calculated without inclusion of the value of the Georgia and Florida properties, the costs of administration, including estate taxes, should be apportioned among both the Illinois probate estate and the out-of-State real property.

Respondent first contends that the trial court erred when it held that the decedent's Georgia and Florida properties should not be considered part of his entire estate for purposes of calculating her one-third share upon renunciation of the decedent's will, since such a ruling is contrary to the plain language, manifest intent and settled construction of section 2—8 of the Act.

Respondent asserts that section 2—8 unambiguously requires that all property belonging to the decedent, wherever located, be included in the calculation of the surviving spouse's share upon renunciation. Furthermore, she argues that in order to fully protect and provide for a surviving spouse as the legislature intended, the value of the out-of-State real property should be considered part of the entire estate and that such legislative intent would be frustrated

in situations such as the present one where the majority of the decedent's estate consists of out-of-State realty. Moreover, although she acknowledges that no Illinois case has heretofore addressed the precise issue before us, that is whether the phrase "entire estate" as used in section 2—8 of the Act encompasses a deceased's interest in nonresident real estate, respondent argues that this court has consistently construed the statute broadly, giving it its plain, all-inclusive meaning, and has not placed any limitation on the scope of the phrase as used in section 2—8.

■ Section 2—8(a) of the Probate Act of 1975, which pertains to the renunciation of a will by a spouse, provides:

"(a) If a will is renounced by the testator's surviving spouse, whether or not the will contains any provision for the benefit of the surviving spouse, the surviving spouse is entitled to the following share of the testator's estate after payment of all just claims: $1/3$ of the entire estate if the testator leaves a descendant or $1/2$ of the entire estate if the testator leaves no descendant." Ill. Rev. Stat. 1991, ch. $110^{1}/_{2}$, par. 2—8(a).

In the present case, the answer to whether the phrase "entire estate" as used in section 2—8(a) of the Act includes a decedent's out-of-State real property, such that the value of that property should be included in the computation of the surviving spouse's statutory share upon her renunciation of the decedent's will, lies in whether Illinois law is applicable to the administration of the decedent's nonresident realty.

■ A conflict of laws issue is presented whenever a legal controversy involving a foreign element arises. (*Lake County Trust Co. v. Two Bar B, Inc.* (1992), 238 Ill. App. 3d 589, 606 N.E.2d 258.) It has been held that conflict-of-laws rules are only resorted to when a difference in the law would be determinative of the outcome of the litigation. (*Lake County Trust Co. v. Two Bar B, Inc.*, 238 Ill. App. 3d at 595 n.1, citing *The Hartford v. Burns International Security Services, Inc.* (1988), 172 Ill. App. 3d 184, 526 N.E.2d 463.) Where a trial court reaches its decision using the inappropriate law, reversal and remandment for further proceedings are proper whenever the law that was applied and the law that should have been applied are different. *Lake County Trust Co. v. Two Bar B, Inc.*, 238 Ill. App. 3d at 595 n.1, citing *In re Marriage of Adams* (1990), 133 Ill. 2d 437, 551 N.E.2d 635.

In the present case, a controversy has arisen from the decedent's ownership of real estate in Georgia and Florida at the time of his death and the construction to be accorded the phrase "entire estate" as used in section 2—8(a), the provision which has been employed in connection with the administration of the decedent's estate in Illinois.

■ Courts in this State rely on the principles enumerated in the Restatement (Second) of Conflict of Laws in resolving conflict-of-laws questions. (*Lake County Trust Co. v. Two Bar B, Inc.*, 238 Ill. App. 3d 589, 606 N.E.2d 258.) With regard to property, the Restatement (Second) of Conflict of Laws provides that " 'it is a firmly established principle that questions involving interests in immovables are governed by the law of the situs.' " (*Lake County Trust Co. v. Two Bar B, Inc.*, 238 Ill. App. 3d at 595, 606 N.E.2d at 262, quoting Restatement (Second) of Conflict of Laws § 222, Introductory Note, at 7 (1971).) The Restatement (Second) makes plain that the " 'term "immovables" *** refers to land and to things that are so attached, or otherwise related, to the land as legally to be regarded a part of it.' " (*Lake County Trust Co. v. Two Bar B, Inc.*, 238 Ill. App. 3d at 595, 606 N.E.2d at 262, quoting Restatement (Second) of Conflict of Laws § 222, Introductory Note, at 7 (1971).) This principle is in agreement with the well-settled legal doctrine that the law of the State where the real estate is situated governs the rights of the parties. *Lake County Trust Co. v. Two Bar B, Inc.*, 238 Ill. App. 3d at 595.

■ With regard to the subject matter at issue here, the Florida and Georgia properties of the decedent domiciled in Illinois, we find that Florida and Georgia law controls the administration of the respective realty located in those States. Therefore, when calculating respondent's statutory share upon renunciation of the decedent's will in Illinois, we find that the trial court did not err when it excluded the Florida and Georgia properties from the decedent's entire estate.

We note that the two cases on which respondent relies, *In re Estate of Grant* (1980), 83 Ill. 2d 379, 415 N.E.2d 416, and *In re Estate of Anderson* (1990), 195 Ill. App. 3d 644, 552 N.E.2d 429, are inapplicable to this case as neither of them involves the issue of out-of-State real estate.

Respondent next contends that if we find that her share upon renunciation must be calculated without the inclusion of the value of the Georgia and Florida properties, the costs of administration, including estate taxes, should be apportioned among both the Illinois probate estate and the out-of-State real property. We agree.

■ Illinois has expressly adopted the theory of equitable apportionment, which requires an executor to recover from the owners of interests in nonprobate assets their proportionate share of Federal estate taxes. (*Roe v. Estate of Farrell* (1978), 69 Ill. 2d 525, 372 N.E.2d 662; *In re Estate of Gowling* (1980), 82 Ill. 2d 15, 411 N.E.2d 266.) Although Illinois does not have an equitable apportionment statute, the courts in this State have consistently applied the doctrine of equita-

ble apportionment to intestate and testate estates, thereby permitting the apportionment of Federal estate taxes among the recipients of probate and nonprobate assets. (*In re Estate of Julian* (1991), 227 Ill. App. 3d 369, 379, 592 N.E.2d 39, citing *Roe v. Estate of Farrell*, 69 Ill. 2d 525, 372 N.E.2d 662, and *In re Estate of Gowling*, 82 Ill. 2d 15, 411 N.E.2d 266.) Equitable apportionment, however, will not be allowed as to nonprobate assets where the testator or legislature has expressed an intention to the contrary. (*In re Estate of Julian*, 227 Ill. App. 3d at 379.) In this regard, it has been held that the legislature intended that a surviving spouse's share upon renunciation of a will must be calculated after payment of Federal estate taxes. *In re Estate of Grant*, 83 Ill. 2d 379, 415 N.E.2d 416.

Here, the Georgia and Florida properties are nonprobate assets of the Illinois estate because they are not subject to probate in Illinois, even though they are includable in the gross estate for Federal estate tax purposes and happen to generate the largest portion of the estate's Federal estate tax burden. Applying the principle of equitable apportionment, those properties should be charged with estate taxes commensurate with their value relative to the value of the overall estate. There is no reason that the out-of-State real properties in this case should not be subject to equitable apportionment where logic and justice dictate that the beneficiaries of the Florida and Georgia properties, the executor and his sister Dawn, bear their proportionate share of the Federal tax burden as well as the other costs of administration.

We therefore find that the trial court erred when it allowed the executor to shield the decedent's out-of-State realty from any Federal tax lability on the basis that the executor had no jurisdiction or power over these assets, where the law in Illinois requires apportionment among probate and nonprobate assets in both testate and intestate estates. Accordingly, the matter must be remanded to the trial court for further proceedings consistent with this opinion.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed in part, and reversed and remanded in part.

Judgment affirmed in part; reversed in part with directions.

EGAN, P.J., and GIANNIS, J., concur.