*In re* ESTATE OF RUDY JANUSSEK, Deceased (Christel Gollub *et al.*, Petitioners-Appellants, v. Cook County, Respondent-Appellee).

First District (2nd Division)  No. 1—95—2503

Opinion filed May 28, 1996.

Ruth Ehrlich and Ronald N. Hominick, both of Vernon Hills, for appellants.

Jack O'Malley, State's Attorney, of Chicago (Patricia Shymanski, Elizabeth Reidy, and Peter Coorlas, Assistant State's Attorneys, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Decedent, Rudy Janussek, was born illegitimate in August 1919, at Berlin, Germany. His father, Kasimir Siegismund Janussek, successfully petitioned the German court for a declaration of legitimacy in December 1924. Decedent emigrated to the United States and was naturalized in 1956. He became a domiciliary of Cook County and died intestate in Chicago on November 22, 1991, at the age of 72. The Cook County public administrator filed a petition in the circuit court to probate his estate. On December 19, 1991, the court entered an order of unknown heirs and issued letters of administration to the public administrator. An inventory valued decedent's personal estate at $624,968 and his real estate, which was located in Illinois, at $125,000.

On July 27, 1994, petitioners Christel Gollub, Gabriele Steinbach, and Rainer Janussek, all residents of Germany, filed a petition for amended heirship and for a hearing to establish their right as heirs of decedent, claiming that they were his paternal siblings of the half blood. The circuit court denied their petition to amend heirship, and they appeal.

The following undisputed allegations were received by the circuit court during the hearing on the petition. Decedent was born out of wedlock, his parents, Elli Emma Frieda Galle and Kasimir Siegismund Janussek, never having married. Shortly after decedent's birth,

he was cared for by his father's family, who resided in Germany. In 1923, decedent's father petitioned the German court for a declaration of legitimacy. The Landgericht, the German court, declared decedent legitimate on December 17, 1924, and he received the family name, Janussek, pursuant to German law.

Decedent's father married Emma Auguste Schroeder in 1933. Petitioner Gollub, now living in Germany, is the sole surviving child of this marriage. Decedent's father divorced Schroeder and married Janina Wladislawa Skrecki in 1941. Petitioners Steinbach and Rainer Janussek, both of whom also live in Germany, are the surviving children of this second marriage.

Decedent's father died in Germany in 1979, never having had or adopted any other children. Decedent's natural mother predeceased him, and any maternal heirs are unknown.

Following argument, the circuit court denied the petition to amend heirship on January 13, 1995. On June 19, 1995, the court denied petitioners' motion for reconsideration and found that there was no just reason for delaying enforcement of the order under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). Petitioners timely filed a notice of appeal.

This appeal presents a disputed question of law, which this court reviews *de novo*. *American Health Care Providers, Inc. v. County of Cook*, 265 Ill. App. 3d 919, 923, 638 N.E.2d 772 (1994).

■ Under the common law, an illegitimate child was known as *filius nullius*, the son of no one. *Zepeda v. Zepeda*, 41 Ill. App. 2d 240, 255, 190 N.E.2d 849 (1963). He had no rights under the law; he could not inherit, and he could have no heirs except his widow and the issue of his own body. *Zepeda*, 41 Ill. App. 2d at 255-56. For nearly 170 years in Illinois, legislation has ameliorated some of the oppression visited upon this unfortunate class. *In re Estate of Karas*, 61 Ill. 2d 40, 46, 329 N.E.2d 234 (1975). Under our present statute, a child born out of wedlock is deemed legitimate if his parents intermarry and his father acknowledges him to be his child; he may inherit from his mother and his maternal ancestors; and not only may his wife and descendants inherit from him, but his mother and her descendants may also. Ill. Rev. Stat. 1991, ch. 110$\frac{1}{2}$, pars. 2—2(d), (h) (now 755 ILCS 5/2—2(d), (h) (West 1994)). See generally *Zepeda*, 41 Ill. App. 2d at 256-57.

■ The Illinois Probate Act of 1975 (the Probate Act) (Ill. Rev. Stat. 1991, ch. 110$\frac{1}{2}$, par. 1—1 *et seq.* (now 755 ILCS 5/1—1 *et seq.* (West 1994))) places the acknowledged father of an illegitimate child on different footing than the natural mother. In *Trimble v. Gordon*, 430 U.S. 762, 52 L. Ed. 2d 31, 97 S. Ct. 1459 (1977), the Supreme

Court held unconstitutional the Illinois scheme which precluded an illegitimate child from inheriting by intestate succession from his father who had acknowledged paternity, but which allowed legitimate children to inherit by intestate succession from their fathers. Illinois since has remedied that constitutional infirmity by allowing intestate succession from the father and paternal ancestors where the father "has acknowledged paternity" or "has been adjudged to be the father" of the illegitimate child. Ill. Rev. Stat. 1991, ch. 110¹/₂, par. 2—2(h) (now 755 ILCS 5/2—2(h) (West 1994)). Nevertheless, there remains a void with respect to the inheritance rights of the acknowledged father and his descendants *from* the illegitimate child.

■ That is the situation in the case *sub judice*. Decedent died with no surviving spouse or descendants, and his parents never married. Therefore, petitioners, the descendants of decedent's father, can inherit from decedent's estate only if he was "legitimate" at the time of his death for purposes of the Probate Act. See Ill. Rev. Stat. 1991, ch. 110¹/₂, pars. 2—1(d), (h) (now 755 ILCS 5/2—1(d), (h) (West 1994)) (allowing the kindred of the whole or half blood of a decedent who died legitimate to inherit by intestate succession). We conclude that decedent was legitimate at the time of his death for the reasons which follow.

Decedent's birth in Germany introduces a foreign element in this case and therefore presents a conflict of laws question. See 15A C.J.S. *Conflict of Laws* § 1(2), at 367 (1967). An Illinois child born out of wedlock becomes legitimate by the intermarriage of his parents and the acknowledgement of paternity by the father. Ill. Rev. Stat. 1991, ch. 110¹/₂, par. 2—2(h) (now 755 ILCS 5/2—2(h) (West 1994)). Under the German Civil Code (GCC), such a child may obtain the legal status of legitimacy through a declaration by a German court. Bürgerliches Gesetzbuch (Civil Code) BGB § 1736. Decedent here, although considered illegitimate under Illinois law (because his parents never married), is considered legitimate under German law by virtue of the declaration of legitimacy secured by his father in 1924.

Illinois courts rely on the principles enumerated in the Restatement (Second) of Conflict of Laws (Restatement) in resolving conflict-of-laws questions. *In re Marriage of Adams*, 133 Ill. 2d 437, 446, 551 N.E.2d 635 (1990); *In re Estate of Pericles*, 266 Ill. App. 3d 1096, 1101, 641 N.E.2d 10 (1994). The Restatement provides:

"(1)
Whether a child is legitimate is determined by the local law of the state which, with respect to the particular issue, has the most significant relationship to the child and the parent under the principles stated in § 6.

(2) The child will usually be held legitimate if this would be his status under the local law of the state where *** the parent was domiciled when the child's status of legitimacy is claimed to have been created ***." Restatement (Second) of Conflict of Laws § 287 (1971).

Here, decedent was domiciled in Illinois. His father and he were domiciled in Germany when the declaration of legitimacy was entered in 1924. His father also was domiciled in Germany, where he died in 1979. "If the child is legitimate with respect to the parent under the local law of the state of the parent's domicil, this status will be recognized in other states, including the state of the child's domicil, even if the child would not be legitimate under the local law of the latter state. This is because the status of legitimacy is beneficial to the child." Restatement (Second) of Conflict of Laws § 287, Comment $f$, at 257 (1971). Accordingly, since decedent was legitimate under the law of Germany, his father's domicile, this status is recognized in Illinois, a result consistent with public policy, which generally favors the status of legitimacy over that of illegitimacy. Restatement (Second) of Conflict of Laws § 287, Comment $d$, at 256 (1971).

Since decedent was legitimate at the time of his death, should not Illinois law give the same incidents or effects to the status of legitimacy created by German law that it gives to the status when created by Illinois law? Respondent Cook County, Illinois, argues that although decedent was declared "legitimate" in Germany, petitioners should not be permitted to inherit under the Probate Act because they would not have inherited under the GCC.[1]

The Restatement provides: "A state usually gives the same incidents to a status of legitimacy created by a foreign law under the principles stated in § 287 that it gives to the status when created by its own local law." Restatement (Second) of Conflict of Laws § 288 (1971). "This is true even though the event relied upon to create legitimacy would not have this result under that state's local law." Restatement (Second) of Conflict of Laws § 288, Comment $b$, at 262 (1971). The only time a state will not give a particular effect or

---

[1]The former section 1737 of the GCC provides that the "effects of the declaration of legitimacy affect the descendants of the child; they do not affect the relatives of the father." BGB § 1737. Section 1737 was deleted from the GCC in 1970, but remains applicable to "non-legitimate child[ren] born before July 1, 1949." Bundesgesetzblatt, Teil I [BGB1.I] S.1243, art. 12, § 10(2). For the reasons that follow in the text of the opinion, the applicability of section 1737 is not relevant to the resolution of this case, and there is no need to determine if petitioners would have inherited under the GCC.

incident to a legitimacy status determined by a foreign law is when it would be contrary to its strong public policy. Restatement (Second) of Conflict of Laws § 288, Comments *b*, *c*, at 262 (1971).

The Restatement flatly rejects the position taken by respondent. Illinois must give the same incidents of legitimacy that it would give if decedent was legitimized under Illinois law. See Restatement (Second) of Conflict of Laws § 288, Comment *b*, at 262 (1971). In other words, petitioners may inherit from decedent in Illinois.

No strong public policy has been identified in Illinois against allowing kindred of the half blood to inherit from a decedent who was born illegitimate but subsequently adjudged legitimate by a court of law. To the contrary, public policy favors the inheritance of all possible heirs before the property escheats. *Warner v. Gregory*, 415 F.2d 1345, 1348 (7th Cir. 1969). The same incidents to a status of legitimacy created under German law must be given by Illinois that it gives to a status of legitimacy created under Illinois law.

Respondent maintains that the declaration of legitimacy, in actuality, conferred the same rights upon decedent as an acknowledgment under the Probate Act, citing former section 1737 of the GCC. That section states: "The effects of the declaration of legitimacy affect the descendants of the child; they do not affect the relatives of the father." BGB § 1737. *Cf.* Ill. Rev. Stat. 1991, ch. 110¹/₂, par. 2—2(h) (now 755 ILCS 5/2—2(h) (West 1994)) (providing that a illegitimate child may inherit from the estate of the father who has acknowledged paternity, but neither the father nor his descendants may inherit from the illegitimate child). Respondent contends that although German law calls the status "legitimacy," the child's rights are really less than a natural child, as they are pursuant to the "acknowledgement" in Illinois. Therefore, respondent urges, it is error to treat decedent as having been a legitimate child for purposes of the Probate Act.

Decedent's father did not petition the German court for "acknowledgement," however, but for legitimacy; the certificate issued in 1924 grants legitimacy. Further, section 1736 of the GCC states in unambiguous terms: "Pursuant to a declaration of legitimacy, the child obtains the legal status of a legitimate child." BGB § 1736. Under section 288 of the Restatement, Illinois courts must give "the same incidents to a status of legitimacy created by a foreign law *** that it gives to the status when created by its own law," unless contrary to public policy. Restatement (Second) of Conflict of Laws § 288 (1971). Respondent incorrectly focuses on the incidents of illegitimacy, rather than the status of legitimacy itself. The fact that German law gives a particular effect or incident to a legitimacy status does not

change the character of that status under Illinois law. Respondent's argument must be rejected.

Because decedent was legitimate at the time of death, petitioners are entitled to their share of his estate as an inheritance under section 2—1 of the Probate Act. See Ill. Rev. Stat. 1991, ch. 110$^1$/$_2$, par. 2—1 (now 755 ILCS 5/2—1 (West 1994)). The circuit court erred in denying the petition to amend heirship.

The judgment of the circuit court is reversed and remanded for further proceedings.

Reversed and remanded.

DiVITO and BURKE, JJ., concur.